(9 App. Div. 487.)

### THOMAS v. THOMAS.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

1. PLEADING—STATING SINGLE CAUSE OF ACTION.
   A complaint to set aside two deeds and the probate of a will states only one cause of action, where it alleges that both deeds and the will were obtained by undue influence, in the furtherance of a design to secure to defendant the property of plaintiff's father.
2. EQUITY—JURISDICTION—SETTING ASIDE WILL.
   The rule that equity will not take jurisdiction to set aside a will at the instance of an heir does not apply where an action is brought to set aside deeds and a will relating to the same real estate on the ground that they were procured by undue influence, and as part of a scheme by defendant to secure the property of plaintiff's father.
3. WILLS—ACTION TO DETERMINE VALIDITY OF PROBATE.
   An heir is a "person interested in a will," within Code Civ. Proc. § 2653a, authorizing actions to determine the validity of probate.

Appeal from special term, New York county.

Action by Franklin G. Thomas against Dora M. Thomas as executrix. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

William R. Martin, for appellant.
Theo. H. Friend, for respondent.

PATTERSON, J.    The justice at special term sustained a demurrer to the complaint in this action, which was brought to avoid two deeds and to set aside the probate of a will.    It was held that two causes of action were improperly united, but it is distinctly alleged in the complaint that both the deeds and the will were obtained by undue influence, and in furtherance of a design to secure to the defendant, Dora M. Thomas, the property of the plaintiff's father, and in effect to induce him to disinherit his children.    Upon the allegations of the complaint, there is but a single scheme set forth, namely, a fraudulent purpose to secure property, in furtherance of which scheme the execution of the deeds and of the will was procured.    That a considerable interval of time elapsed between the first and the last steps in the perpetration of this alleged fraud does not affect its inherent quality, or the entirety of the cause of action.    If the fraud existed, every step taken to consummate it was part and parcel of it.

It is urged further, by the respondent, that the suit cannot be maintained to set aside the will and its probate, upon the well-recognized principle that courts of equity will not take jurisdiction merely to set aside a will at the instance of an heir at law, for the reason that, pro-

bate of a will as to real estate being binding on an heir at law presumptively only, his proper remedy is to test the validity of the will by an action in ejectment. But this rule has exceptions, as is pointed out in Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, and in Brady. v. McCosker, 1 N. Y. 214. We think the case at bar furnishes one of the exceptions to the rule invoked by the respondent. The suit is brought by an heir at law, substantially charging that he has been defrauded of his inheritance; that there are instruments valid on their face, the execution of which has been fraudulently obtained. That a court of equity has jurisdiction to nullify the deeds is not disputed. The deeds and the will refer to the same property and to the same title. Having jurisdiction of the action to set aside the deeds, the plaintiff brings into the action another instrument which it becomes necessary to have set aside if he is to obtain any benefit of a decree, to make which the court, it is admitted, has ample authority, and this additionally impeached instrument was one procured to fortify the title made by the deeds. The jurisdiction attaching for one purpose connected with the fraud, it may attach for all, and bring the whole subject of the one fraud, with all its incidents, before the court, so that the rights of the parties may be settled in one suit, without multiplicity of actions, and that a complete remedy may be afforded.

But, even if this consideration is not conclusive, we are of opinion that under the Code of Civil Procedure the plaintiff has a right to maintain this suit as he has framed it. An action to set aside the probate of a will is authorized by section 2653a of the Code referred to. It enacts that within a certain time any person interested in a will or codicil admitted to probate in this state may cause the validity of the probate thereof to be determined in an action in the supreme court. The precise point as to the interpretation of the words "any person interested in a will," as they are used in the statute, was considered in the case of Snow v. Hamilton, 90 Hun, 161, 35 N. Y. Supp. 778; and it was held that they did not relate exclusively to a person named in the will, but included heirs at law and next of kin, and that any other construction would confine the remedy provided by the statute to beneficiaries under the will, and that such a construction is altogether too narrow. We think the views expressed in the case cited contain a correct interpretation of the statute.

The judgment and order appealed from should be reversed, with costs, with leave to the defendant to answer within 20 days on payment of costs. All concur.