(25 Misc. Rep. 246.)

## ZOCCOLO v. STERN et al.

(Supreme Court, Special Term, New York County. November, 1898.)

EQUITY—MISJOINDER OF CAUSES—FRAUD.
   A complaint in a suit in equity by an assignor of a judgment alleged that plaintiff's attorney had fraudulently induced him to make an assignment to the attorney's wife, and had induced a receiver of the debtor's property to convey the property to enforce the judgment for the attorney's benefit. The attorney, his wife, the receiver, and the transferees of the property were made parties, and plaintiff asked to have the assignment set aside, and that his rights in said property be restored. *Held* to state but one cause of action.

Suit by Pasquale Zoccolo against Lilly R. Stern and others. Defendant Lilly R. Stern demurs for misjoinder of causes of action. Overruled.

Moritz Frank and George D. Mahon, for plaintiff.
Henry Brill and Edwin F. Stern, for defendants.

DALY, J. The complaint states a cause of action against Mrs. Stern. It alleges that her husband, an attorney at law, acting as attorney for this plaintiff in procuring a judgment in his favor against certain parties, afterwards induced the plaintiff, by fraud, to execute, without consideration, an assignment of the judgment to Mrs. Stern; and the action is brought, in part, to set aside such assignment. It is because the complaint goes further, and seeks to restore to the plaintiff the rights in the property of his judgment debtors, of which he has been deprived by the further fraudulent acts of his attorney in enforcing the judgment for his own benefit, that the demurrer for misjoinder of causes of action is interposed, other defendants having been joined in order to obtain complete relief. The action is in equity, and is brought to undo the alleged fraudulent scheme of the attorney to acquire the plaintiff's judgment and enforce it for his own benefit. Various parties are involved in the scheme. First, the attorney's wife, in whose favor an assignment of the judgment was procured; next, the receiver of the judgment debtor's property, appointed in supplementary proceedings instituted under the assigned judgment, and the party to whom said receiver was induced to convey the property; and, finally, the subsequent transferees thereof, who are all charged to be grantees without consideration. So far as the demurring defendant, Mrs. Stern, is concerned, she cannot complain of the presence of parties necessary to the complete relief to which the plaintiff is entitled by reason of her participation in the alleged fraud, which began in the conveyance to her, and culminated in the appropriation by her and others, of

the fruits of the judgment. If separate actions had been brought against each transferee of the property disclosed by the supplementary proceedings, she would have been a necessary party to each action, because, until the plaintiff avoided his assignment to her, he would have no standing in court against any of the persons deriving title thereunder. It is not for her to complain, therefore, that the plaintiff has resorted to a single action against her and all the other participants in the alleged fraudulent scheme. "The fact that such independent actions could have been maintained by the corporation does not deprive the plaintiff of the right to allege all of these acts as grounds of a single action against all of the actors." Gray v. Fuller, 17 App. Div. 29, 35, 44 N. Y. Supp. 883, 886. As was also said in that case: "In legal actions all the causes of action must affect all the defendants, but in equitable ones the causes of action are not required to affect all the defendants to the same extent or in the same way." Where several acts may be treated as one act done in pursuance of one scheme, the plaintiff has the right to "have anything that was done in pursuance of that scheme adjudged fraudulent and void, and to require all those who had received any property through it to account for the amount so received. All persons are therefore made parties who did in any manner participate in such transaction and received anything through it." Wood v. Furniture Co., 92 Hun, 22–24, 37 N. Y. Supp. 885, 886. "The jurisdiction attaching for one purpose connected with the fraud, it may attach for all, and bring the whole subject of one fraud, with all its incidents, before the court, so that the rights of the parties may be settled in one suit, without multiplicity of actions, and that a complete remedy may be afforded." Thomas v. Thomas, 9 App. Div. 487, 489, 41 N. Y. Supp. 276, 277. Under the well-settled rules governing equitable actions of this character, the complaint must therefore be deemed to embrace but one cause of action, and the demurrer must be overruled.

Judgment for plaintiff, with costs. Leave to answer on payment of costs. Ordered accordingly.