BLISS et al. v. WINTERS et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

CANCELLATION OF INSTRUMENTS—PLEADING—SINGLE CAUSE OF ACTION.

 A complaint alleging that defendant fraudulently procured all of a certain person's property by a will, a deed, and a bill of sale, obtained at different times, and asking that such instruments be set aside, states but one cause of action.

Appeal from special term, New York county.

Action by Emily A. Bliss and others against Byram L. Winters and others to set aside a will, a deed, and a bill of sale, for fraud.

From an order directing plaintiffs to separately state and number causes of action, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Rastus S. Ransom, for appellants.

Jesse Stearns, for respondents.

O'BRIEN, J. The only question presented below or here is whether the complaint states one or three causes of action; if the latter, then the special term was right in requiring that they should be separately stated and numbered. Code Civ. Proc. § 483. The complaint avers the marriage of Annie Maria Hunt with the defendant Byram L. Winters on the 25th of September, 1894, and that thereafter, in the same year, and on the 18th of October, she made her will, giving the bulk of her property to him; that on the 20th of October, 1896, she conveyed to him all her real estate; and that subsequent to the marriage she also passed to him, by a bill of sale, the chief part of her personal property. The complaint further alleges that Annie M. Hunt was an aged woman, of about 70 years, in poor health and of unsound mind, and was very rich; that the defendant Winters was a young lawyer, about 35 years old, and that "the said Byram L. Winters, before and at the time of his said marriage, and before and at the time of the execution of the said will and said deed, and said contract and bill of sale of the said personal property of his wife, knew of her enfeebled physical and mental condition, and that she was susceptible and liable to be easily influenced and deceived, and knowing the large amount of property owned by her, and contriving and intending, by taking advantage of her weakened physical infirmities and credulity, to get from her all of her property, induced or persuaded her to marry him, and then, as her counselor and legal adviser, by fraud and undue influence, and knowing her to be of unsound mind," procured from her all her property, by the three separate instruments,—the will, the deed, and the bill of sale,—obtained at different times, and which, in the prayer for relief, the plaintiff separately asks shall be set aside and held to be void. To the circumstance of asking for separate relief as to each of these instruments may be attributed the error into which the learned judge at special term fell in construing the complaint as alleging three causes of action, when in fact there was but one alleged, namely, that by fraud and undue influence the defendant had obtained all the property. Because the pleader stated that, in carrying out this alleged fraudulent scheme, the defendant had his wife execute three separate papers, there were not necessarily included in the complaint three causes of action. The gravamen of the action is fraud, and the means resorted to for its accomplishment are but enumerations of the instances and results of the fraud. The precise question here involved was presented to this court in Thomas v. Thomas, 9 App. Div. 487, 41 N. Y. Supp. 276, where a demurrer was interposed to a complaint in an action brought to set aside a deed and a bill of sale executed in furtherance of an alleged design to obtain property by fraud and undue influence; and it was therein held

56 NEW YORK SUPPLEMENT

and 90 New York State Reporter.

that such a complaint set forth but a single cause of action. See, also, Zoccolo v. Stern, 25 Misc. Rep. 246, 55 N. Y. Supp. 58.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.