EMILY A. BLISS and Others, Appellants, *v.* BYRAM L. WINTERS, Respondent, Impleaded with Others.

*Marriage fraudulently contrived to obtain the property of an incompetent — a complaint based on such fraud does not state more than one cause of action because of the fact that three instruments are sought to be set aside.*

A complaint alleged the marriage of one Anne Maria Hunt to the defendant, and that shortly thereafter she made her will, giving the bulk of her property to him, and by a deed conveyed to him all her real estate, and by a bill of sale the chief part of her personal property; that she was an aged woman of about seventy years, in poor health and of unsound mind, and was very rich, and that the defendant, a lawyer of about thirty-five years of age, both before the marriage and at the time of the execution of the will and of the deed and of the bill of sale, knew of her enfeebled physical and mental condition, and, contriving and intending to take advantage thereof and to get from her all her property, induced her to marry him by fraud and undue influence; as relief, the plaintiff asked separately that the will and the deed and the bill of sale, obtained at different times, be set aside and held to be void.

*Held,* that the complaint stated but a single cause of action, the gravamen of which was fraud, the means resorted to for its accomplishment being but enumerations of the instances and results of the fraud.

APPEAL by the plaintiffs, Emily A. Bliss and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of December, 1898, directing the plaintiffs to separately state and number the several causes of action claimed to be alleged in the complaint.

*Rastus S. Ransom,* for the appellants.

*Jesse Stearns,* for the respondent.

O'BRIEN, J.:

The only question presented below or here is whether the complaint states one or three causes of action — if the latter, then the Special Term was right in requiring that they should be separately stated and numbered. (Code Civ. Proc. § 483.)

The complaint avers the marriage of Anne Maria Hunt with the defendant Byram L. Winters on the 25th of September, 1894, and that thereafter in the same year, and on the eighteenth of October, she made her will, giving the bulk of her property to him; that on the 20th of October, 1896, she conveyed to him all her real estate, and that subsequent to the marriage she also passed to him, by a bill of sale, the chief part of her personal property. The complaint further alleges that Anne M. Hunt was an aged woman, of about seventy years, in poor health and of unsound mind, and was very rich; that the defendant Winters was a young lawyer, about thirty-five years old, and that " the said Byram L. Winters, before and at the time of his said marriage with the said Anne Maria Hunt, and before and at the time of the execution of the said will and the said deed and the said contract or bill of sale of the said personal property of his wife, knew of her enfeebled physical and mental condition, and that she was susceptible or liable to be easily influenced and deceived, and knowing the large amount of property owned by her, and contriving and intending, by taking advantage of her weakened physical infirmities and credulity, to get from her all of her property, induced or persuaded her to marry him, and then, as her counselor and legal adviser, by fraud and undue influence, and knowing her to be of unsound mind," procured from her all her property by three separate instruments, the will, the deed and the bill of sale obtained at different times, and which, in the prayer for relief, the plaintiff separately asks shall be set aside and held to be void.

To the circumstance of asking for separate relief as to each of these instruments may be attributed the error into which the learned judge at Special Term fell in construing the complaint as alleging three causes of action, when, in fact, there was but one alleged, namely, that by fraud and undue influence the defendant had

obtained all the property. Because the pleader stated that, in carrying out this alleged fraudulent scheme, the defendant had his wife execute three separate papers, there were not necessarily included in the complaint three causes of action. The gravamen of the action is fraud, and the means resorted to for its accomplishment are but enumerations of the instances and results of the fraud.

The precise question here involved was presented to this court in *Thomas* v. *Thomas* (9 App. Div. 487), where a demurrer was interposed to a complaint in an action brought to set aside a deed, and a bill of sale executed in furtherance of an alleged design to obtain property by fraud and undue influence, and it was therein held that such a complaint set forth but a single cause of action. (See, also, *Zoccolo* v. *Stern*, 25 Misc. Rep. 246.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Barrett, Rumsey and Patterson, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.