MARGARET O'ROURKE, Respondent, *v.* HANNAH HALL, Appellant, Impleaded with FELIX MULLENS and MARIA MULLENS, his Wife.

*Action by one of several heirs at law of deceased grantors to set aside a deed executed by them to their father during minority — non-joinder of the other heirs at law — a delay to disaffirm for fourteen months, and until death, is not a ratification of the deed.*

An heir at law of an infant who has executed a deed during his minority may maintain an action for the purpose of disaffirming such deed.

Two minors who had inherited certain real estate from their mother subject to the life estate of their father, executed to the latter a quitclaim deed of the property when they had respectively attained the ages of fourteen years and four months, and twenty years and eight months. The father immediately conveyed the property to a third party, who reconveyed it to the father and his second wife. The elder son died when he was twenty-two years and two months old and the younger son died before reaching his majority.

In an action brought by one of three heirs at law of the infants, to disaffirm the deed executed by them, against the second wife of the father who claimed the premises as the surviving tenant by the entirety,

*Held,* that the plaintiff was entitled to maintain the action;

That, conceding that the other heirs of the deceased children were necessary parties to the determination of the controversy, under the provisions of section 452 of the Code of Civil Procedure, their absence did not prejudice the defendant, as the rights of all parties who were not joined in the action were fully preserved by the judgment ;

That the neglect of the elder infant to disaffirm the deed for a period of fourteen months after attaining his majority, was not, in the absence of evidence of any intention to ratify it, such unreasonable delay as to warrant the conclusion that it had been so ratified.

APPEAL by the defendant, Hannah Hall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of June, 1898, upon the decision of the court rendered after a trial at the Kings County Trial Term adjudging certain deeds to be null and void, and that the plaintiff is the owner in fee of one undivided third part of the premises described in said deeds.

*Wilbur L. Ball*, for the appellant.

*Charles A. Webber*, for the respondent.

WOODWARD, J. :

There appears to be no good reason why the judgment in this action should be disturbed. One Ellen Hall died intestate in June, 1883, and at the time of her death was seized in fee simple of the property now claimed by the parties in this suit. She left her surviving a husband, John Hall, and two children, William and Joseph, the two latter inheriting the property, subject to the life estate of their father. On the 19th of January, 1889, while William was twenty years and eight months old, and his brother was fourteen years and four months of age, these young men executed a quitclaim deed to their father of the property. The father immediately conveyed the premises to a third party, who in turn conveyed it to John Hall and Hannah Hall, his wife, the father having remarried. The defendant Hannah Hall is the widow of John Hall, who claims the property as surviving tenant by the entirety. William Hall died intestate and unmarried on the 12th of July, 1890, being at that time twenty-two years and two months old, and Joseph Hall died in February, 1894, without reaching his majority. The plaintiff is a sister of Ellen Hall, deceased, and claims the property as heir of her nephews William and Joseph Hall, the infants.

The evidence shows that the plaintiff has two brothers of full age now living, and it is urged on the part of the defendant Hannah Hall that these persons were necessary to the determination of the controversy, under the provisions of section 452 of the Code of Civil Procedure; but we are unable to see that the absence of these parties, conceding that they should have been brought in, has in any manner prejudiced the rights of the appellant. All the rights of the parties who were not brought into the action are fully preserved by the judgment; the plaintiff is declared to be the owner of a one undivided third of the estate, while the deeds to the appellant are declared null and void. This clearly leaves the two brothers in a position to assert their rights in the premises as heirs of the nephews, and this is all that the Code of Civil Procedure contemplates in the section under consideration. It is only where a complete determination of the controversy cannot be had without the presence of other parties that the court may direct them to be brought in, and it does not appear that there was any controversy which could not be adjusted without the presence of the plaintiff's brothers. The real controversy was between the appellant and the plaintiff, to determine whether the title of the appellant was good. If it was not, then the plaintiff was entitled to her portion of the premises as heir to her nephews. This fact could be determined just as well without the plaintiff's brothers as with them, and all of their rights were preserved by the judgment determining what portion of the property belonged to the plaintiff, after it was adjudged that the appellant had no legal title.

The important question determined was that the deeds under which the appellant claims were void, and in this determination the trial court is fully sustained by the authorities. While it is true that deeds or contracts by minors are not void, but merely voidable, courts of equity are disposed to regard with great jealousy contracts in favor of parents and against the interests of children (Story Eq. Juris. §§ 239, 240), and it follows that there should be a reasonable opportunity for the minor to avoid his deeds and contracts made under the circumstances of this case. The quitclaim deed was jointly executed by the brothers, and William, the older of the two, died before the younger one became of age. Indeed, Joseph never reached his majority, while William, at the time of his death, was

only twenty-two years and two months old, and there is no evidence that he at any time gave, by word or deed, any intimation of any intention to ratify his action in giving the quitclaim deed. Beach on the Modern Law of Contracts (§ 1352) lays down the rule that "In the absence of an express ratification, it must be shown that the infant after becoming of age has accepted the fruits of the unauthorized act, or in some way benefited by it. Acquiescence is not sufficient."

In the case of *Green* v. *Green* (69 N. Y. 553) the father had purchased of his son a certain piece of property, paying him $400 therefor. The son spent the money; three years after becoming of age he disaffirmed the deed, and entered again into possession of the property. The father brought an action for trespass; it was urged upon the court that the son could not repossess himself of the property without repayment of the sum which had been advanced, and that his neglect in not previously asserting his rights was to be construed as an affirmance of his contract after arriving at his majority. The court say : "A person purchasing real estate of an infant, knowing the fact, and especially the father, must and ought to take the risk of the avoidance of the contract by the infant after arriving at maturity. The right to rescind is a legal right established for the protection of the infant, and to make it dependent upon performing an impossibility, which impossibility has resulted from acts which the law presumes him incapable of performing, would tend to impair the right and withdraw the protection. Both upon authority and principle we think a restoration of the consideration could not be exacted as a condition to a rescission on the part of the defendant. Mere acquiescence for three years after arriving at age without any affirmative act was not a ratification. (11 J. R. 539; 14 id. 124; 23 Maine R. 517.)" In the case at bar the elder son had only passed his twenty-first birthday fourteen months, while the younger son, who jointly executed the quitclaim deed, was still a minor; and it is not pretended that there was anything more than a nominal consideration; while the whole transaction carries upon its face the evidence of having been designed to transfer the property left by the mother for the benefit of her children to the husband and his newly found wife, without any regard to the welfare of

those for whom it was intended. "The courts will always grant an infant relief where the other party has been guilty of fraud or undue influence." (*Johnson* v. *Northwestern Mutual Life Ins. Co.*, 56 Minn. 365, 374; 59 N. W. Rep. 992.)

In *Dolph* v. *Hand* (156 Penn. St. 91, 99) the court say: "In Illinois two years seems to be regarded as the proper limit of a 'reasonable time.' In Iowa three years and eight months have been held to be unreasonable delay. (59 Iowa, 679.) In Connecticut thirteen years was held to be unreasonable. In *Urban* v. *Grimes* (2 Grant, 96) this court held that fourteen years was not unreasonable." It refused, however, to say that in the case then under consideration eighteen years was not unreasonable. In *Eagan* v. *Scully* (29 App. Div. 617) it was held that a daughter who had conveyed to her father during minority, and who had permitted the father to make reasonable repairs upon the premises and to occupy the same during his lifetime, was not concluded by the fact that a long time had elapsed, provided she had made her disaffirmance within the time allowed by statute and within a reasonable time after the death of her father. It is true, of course, that this was a case in which the circumstances were peculiar, and the rule laid down may not be proper under the circumstances of this case. But it is fair to assume that the neglect of one of the heirs of Ellen Hall to disaffirm for a period of fourteen months was not such an unreasonable delay, under the facts as they are established in this case, as to warrant the court in holding that the deed of the infants had been ratified in such a manner as to give character to the title of Hannah Hall.

Nor can there be any question about the right of the plaintiff, as heir of the infants, to bring this action for the purpose of disaffirming the deed executed by them during their minority. (9 Am. & Eng. Ency. of Law [2d ed.], 114, and cases cited in notes, p. 115.)

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.