MARGUERITE B. DARLINGTON, . Plaintiff-Appellant, *v.* HAMILTON BANK OF NEW YORK CITY, Defendant-Respondent.

(Supreme Court, Appellate Term, May, 1909.)

Infants — Contracts — Ratification of contract — Acquiescence.

> The promissory note of an infant is voidable but it may be affirmed by the infant after reaching majority, or it may be repudiated before majority or within a reasonable time thereafter; and what constitutes a reasonable time depends largely upon the circumstances of the particular case.

19

Where plaintiff while an infant gave her father her promissory note, and it does not appear when she first learned that he had negotiated it to the defendant bank, a *bona fide* holder for value, plaintiff's delay of less than four months after becoming of age in repudiating the note was not unreasonable.

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered in the Municipal Court of the city of New York, seventh district, borough of Manhattan.

Thomas H. McKee, for appellant.

Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for respondent.

*Per Curiam.* The pleadings are oral. The complaint is: " Money had and received." The answer is: " General denial, bill of particulars, counterclaim for $775." The parties agreed upon a conceded state of facts as follows: Plaintiff has on deposit with defendant bank $374.29, which has been demanded and not paid. Defendant is the owner and holder of a promissory note for $775, signed by plaintiff. The said note was signed by plaintiff on June 11, 1907, and there was no other handwriting *then* upon the said note, except plaintiff's signature; and plaintiff, on the said day, delivered the same to G. C. Darlington, her father. The note itself is as follows:

" $775.00                    NEW YORK, *Oct.* 11*th* 1907.
" Four months after date I promise to pay to the order of G. C. Darlington Seven hundred and seventy five no/100 dollars at Hamilton Bank of New York City Tremont Branch, 705 Tremont Avenue. Value received.
                              " MARGUERITE B. DARLINGTON."

The plaintiff became twenty-one years of age on the 26th day of August, 1907. The handwriting on the note, above the signature, is that of G. C. Darlington, the payee. On the 11th of October, 1907, the said note was duly indorsed by the said G. C. Darlington and delivered to the defend-

ant for full value. Neither the said note, nor any part thereof, has been paid, and the same was duly presented and protested when due. On the 4th of December, 1907, the plaintiff, by her attorney, wrote to defendant the following letter:

" GENTLEMEN.— I am attorney for Miss Marguerite B. Darlington, whose signature appears upon a certain note in your possession for $800, due February 11, 1908. This note was apparently used by G. C. Darlington, my client's father. Please take notice that, when the said note was signed, my said client, the maker, was an infant, and hereby notifies you that she disavows the act, and that the said note will not be paid when presented."

This letter was duly received by defendant. The plaintiff received no benefit, directly or indirectly, from the said note, and the moneys she sues for herein are not a part of the proceeds thereof; but the defendant never at any time had notice of these facts. The plaintiff sued for a part of the balance to her credit in the defendant bank. The defendant at the trial reduced its counterclaim from $775 to $374.29. The court gave judgment in favor of defendant against plaintiff for $374.29 damages, and $27.31 costs. Plaintiff appeals. It will be observed that, when the note was negotiated and the defendant paid full value therefor, plaintiff was an adult; as it will be remembered that, while the note was signed on June 11, 1907, and she became of age on August 26, 1907, the note bore the date October 11, 1907, and was negotiated on October 11, 1907. She did not repudiate the note, as we have seen, until December 4, 1907, nearly four months after she became of age, and only about two months prior to the time when the note became due. The learned counsel for the respondent urges that, where an instrument, or an acceptance, or any indorsement thereon, is dated, such date is *prima facie* the true date of the making, drawing, acceptance or indorsement, as the case may be, and that, for legal purposes, a note is to be presumed as made or drawn when it was delivered, and that, as a check or note ·has no inception until delivery, for all legal purposes it is to be presumed as made on the day it is

delivered.   All presumptions, however, arising from the
date of the note, in the case at bar, are inapplicable, since
it is a conceded fact in the case that the note in suit was
signed and delivered to the payee on June 11, 1907, when
plaintiff was an infant, and the note was, therefore, void-
able in its inception; and it will be remembered that plain-
tiff signed the note in blank and delivered it to her father,
the payee, who himself, at some time not revealed by the
evidence, filled in the date, i. e., "Oct. 11, 1907," and
all other written portions of the note, except the signature
of plaintiff, and then, on October 11, 1907, negotiated the
note, as above stated, to defendant, a *bona fide* holder.   The
promissory note of an infant is voidable, not void, and may
be affirmed by the infant after becoming of age, or repudi-
ated by the infant before such infant becomes of age, or
within a reasonable time after becoming of age; and what
constitutes a reasonable time is dependent largely upon the
circumstances of the case.   In the case at bar no express
act in any way tending to affirm or ratify the contract, from
which contract plaintiff received no benefit, is shown or
alleged; but, on the contrary, as we have seen, plaintiff ex-
pressly repudiated the contract on December 4, 1907, some-
what less than four months after she became of age.   It is
true that no reason for waiting so long is shown, but, on
the other hand, there is nothing to indicate the time when
plaintiff first learned that the note had been negotiated.   It
does not seem to us that, under the conceded state of facts
in the case at bar, it can be said that plaintiff's delay of
less than four months in acting with respect to the con-
tract should be held to be a ratification of such contract
on her part and a bar to her final repudiation of the same
on December 4, 1907.   The conclusion reached by the
learned court below was erroneous and cannot stand.   Fur-
thermore, it will be observed that, although it is conceded
that plaintiff has on deposit with defendant $374.29, of
which she demands according to the summons $181.80, and,
although defendant voluntarily reduced its counterclaim at
the trial to $374.29, the exact amount of plaintiff's deposit, the
court gave judgment for defendant for $374.29 damages and

$27.31 costs, making a total of $401.60. This seems to be error, for plaintiff's claim is conceded; and, even assuming the court was warranted in allowing the whole of defendant's counterclaim, there should have been deducted therefrom the amount of plaintiff's claim.

The judgment must be reversed and, as there is no dispute as to the facts, judgment absolute is ordered for plaintiff for the sum of $181.80, the amount named in the summons, with appropriate costs in the court below, and costs of this appeal.

Present: Gildersleeve, Dayton and Goff, JJ.

Judgment reversed and judgment absolute ordered for plaintiff, with costs in court below, and costs of this appeal.