(153 App. Div. 557.)

CURRAN v. HOSEY et al.

(Supreme Court, Appellate Division, Fourth Department.   November 20, 1912.)

1. STIPULATIONS (§ 14*)—EFFECT.
    Where, in partition, it was stipulated that, if the jury should find that the conveyance of plaintiff's father was not his free and uninfluenced act, then plaintiff would be entitled to the usual judgment of partition, defendants are precluded from insisting that the conveyance could not be attacked in that form of action.

    [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

2. PARTITION (§ 17*)—PROCEEDINGS—QUESTIONS DETERMINABLE.
    Under Code Civ. Proc. § 1543, providing that, in partition, the title of plaintiff, as stated in the complaint, may be controverted in the answer, where plaintiff alleged her ownership as heir at law of an undivided one-half of the farm, and demanded that the apparent record title of the defendants, evidenced by deed, should be declared void, and partition made, the question of the validity of such deed could be determined.

    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 53–59; Dec. Dig. § 17.*]

3. LIMITATION OF ACTIONS (§ 44*)—ACCRUAL OF ACTIONS.
    Where a tenant in common granted his half of a farm to his cotenant, pursuant to a contract which imposed upon the grantee, his heirs and representatives, the obligation of furnishing grantor with a home, and made such obligation a lien upon the premises, the grantor's right of action to set aside the deed for fraud or to enforce the lien is not barred by the possession of his grantee, which could not be adverse, but, instead, he has a continuing right of action for the cancellation of the deed or the foreclosure of the lien.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 220–232; Dec. Dig. § 44.*]

4. DEEDS (§ 211*)—EVIDENCE—INCAPACITY.
    In an action to cancel a deed for the incapacity of the grantor, evidence *held* insufficient to show such incapacity.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–647, 649; Dec. Dig. § 211.*]

5. TRIAL (§ 58*)—WITHDRAWAL OF EVIDENCE.
    In an action to cancel a deed on account of the grantor's incapacity and because of undue influence, where the issue of undue influence was withdrawn from the jury, evidence, competent solely on that issue, should also have been withdrawn.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 137; Dec. Dig. § 58.*]

Appeal from Special Term, Ontario County.

Action by Hannah D. Curran against Margaret Hosey and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Willis C. Ellis, of Shortsville, for appellants.
John Colmey, of Canandaigua, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAMBERT, J. The action, in form, is partition. Michael Hosey and John Hosey were brothers, and were the owners in fee, as tenants in common, of the premises in question. On January 16, 1890, John Hosey conveyed his interest in this title, by quitclaim deed, to his brother, Michael. Michael predeceased John, and John died, intestate, April 16, 1910. The defendants are the heirs at law and widow of Michael, and they claim title to the premises by descent. The plaintiff is the daughter and only heir at law of John, and she likewise claims title by descent.

Plaintiff seeks, in this partition action, to have declared void the deed of conveyance from her father, John, to the grantee, Michael: (1) Because of the mental unsoundness and incapacity of the grantor; and (2) because the execution and delivery of that deed were the product of fraud, threats, intimidations, misrepresentations, and deceit, practiced by the grantee, upon the grantor. At the close of the evidence, defendants moved for a dismissal of the complaint and the direction of a verdict, adverse to the plaintiff, upon the grounds, among others: (1) That the deed of conveyance could not be attacked in an action of partition; and (2) that the right of action in the plaintiff, if any, was barred by the statute of limitations.

[1] The first ground is without merit. It was stipulated at the close of plaintiff's case, and again at the close of the evidence, that, if the jury should determine that the conveyance was not the free and uninfluenced act of the grantor, then plaintiff would be entitled to the usual judgment in partition. This stipulation and concession eliminates the question, now sought to be raised, that the conveyance could not be so attacked.

[2] Even if this was not so, section 1543, art. 2, of the Code of Civil Procedure, provides for just such a contingency. The language is plain and unambiguous. It reads:

"The title or interest of the plaintiff, in the property, as stated in the complaint, may be controverted in the answer."

Plaintiff alleges her ownership, as heir at law of her father, of an undivided one-half of the premises. For the purpose of evidencing her title, she demands that the apparent record title of the defendants be declared void and partition effectuated. Constructions of this and kindred sections of the Code have been made by the courts, authorizing the relief sought by the plaintiff. Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230, affirmed on opinion below in 146 N. Y. 363, 41 N. E. 88; Thomas v. Thomas, 9 App. Div. 487, 41 N. Y. Supp. 276; Ocobock v. Eeles, 37 App. Div. 117, 55 N. Y. Supp. 1118; Zoccolo v. Stern, 25 Misc. Rep. 246, 55 N. Y. Supp. 58.

[3] The plea of statutory limitations is equally without merit. The contract, pursuant to which the conveyance was made, imposed upon grantee, his heirs and representatives, the obligation to furnish a home and care for and maintain the grantor through his life. The delivery of the deed was performance by the grantor; but the undertaking, on the part of the grantee, his heirs and representatives, upon which it was delivered and received, was executory. By the

terms of the conveyance, the support and maintenance of the grantor were made a lien upon the premises conveyed. That lien could not be discharged, except by performance by grantee, during the lifetime of grantor. The holding of the grantee was not in defiance of and adverse to the grantor. It was in obedience to the obligation upon which the conveyance was made. It follows that the grantor had a continuing right of action, for the cancellation of the deed or the foreclosure of the lien, as equity shall determine, upon a breach of the obligation by grantee or those representing him. The statute, therefore, did not commence to run against the grantor or his heir until the death of John Hosey. If defeasance of the title accrued during his lifetime, it vested in the grantor, and not in the plaintiff. The action is timely brought by plaintiff.

[4] At the close of plaintiff's case, defendants moved for a nonsuit, upon several grounds, among others, that the plaintiff had failed to prove that Michael Hosey did induce, persuade, coerce, and procure John Hosey, by pressure and undue influence, to execute and deliver this deed. The court denied the motion, but withdrew from the jury the question of undue influence, declining to submit that issue, for the expressed reason that there was no evidence whatever of any undue influence. The motion, as based upon a failure of proof to establish lack of sufficient mental power in grantor to comprehend the nature and quality of the acts of execution and delivery of this deed, was denied. Again, at the close of the evidence, like ruling was made and exception taken. The jury rendered a general verdict that plaintiff was entitled to recover. The sufficiency of the evidence to uphold that determination is the principal question here involved. Except as to the refusal to submit the issue of undue influence, the charge of the court seems to have been acquiesced in by counsel, as adequately and properly presenting the rules of law, applicable to the facts developed.

In determining the weight of the evidence upon the issues submitted to and determined by the jury, a better view is had by consulting the situation of the parties as disclosed in the proof. John and Michael Hosey married sisters. John's wife died in February, 1866, nine days after the birth of plaintiff, their only child. John never married again. Within a year or two he went into Michael's family to live. Plaintiff was taken into the home and family of her mother's parents, and continued to reside there, until her marriage January 1, 1890. From 1873 to 1876, John and Michael purchased the premises in question, and operated the same as tenants in common until this deed was made in January, 1890. In 1888 they joined in a mortgage upon the premises to secure a loan of $1,200. In February, 1885, John suffered a stroke of paralysis, involving one side of his body. As a result, he was prostrated for from four to six weeks. His mouth was drawn to one side, and his vocal chords were affected to an extent of interfering with articulation. He so far recovered as to go about and do light chores upon the farm, but he never recovered his normal physical condition.

It seems to be agreed that during this period, prior to the paralysis,

John Hosey was an industrious, law-abiding, intelligent citizen, as men are measured, in surroundings such as his. He took an active interest in the duties of good citizenship. He seems to have attended, regularly, his church, and county fairs and gatherings. He was industrious in his farming, and was generally respected. The making of some arrangement for his future support was a most natural course. Through the stroke of paralysis his health was impaired. His property, consisting of his interest in this farm, was only worth about $4,-000 or $5,000, and that was incumbered. His wife was dead. His daughter and only child had attained the age of 24 and was married to John Curran, with whom grantor was not compatible.

Nor does the making of this arrangement with Michael, instead of with some one else, present any suspicious situation. The consideration paid by grantor by this deed was not so great as to make the contract unconscionable. All his property interests were with his brother. He had resided in Michael's family for years. The transaction itself does not aid the plaintiff.

John's physical impairment is unimportant, except as it is shown to have been accompanied by a mental impairment. No presumption arises of a mental deterioration. Such a view would be opposed to our everyday observation. Plaintiff, upon this branch of the case, called many witnesses, who testified to conversations with grantor, intervening the paralysis and the making of the deed. These conversations relate, almost exclusively, to casual meetings and talk. They throw no light upon his ability to engage in business transactions. They are all as consonant with a rational mentality as with an irrational one. If these witnesses gained any impressions, from these talks, of irrationality upon his part, either from his demeanor or talk, they have failed to disclose them. The jury was furnished with the mere recital of the talk, and had no means of going behind those conversations and reaching any intelligent conclusion as to this man's mental condition. The witnesses do not even give the impressions made upon them by these incidents.

The scrivener of the deed is dead, as are the parties to it. We are not furnished with any direct proof of this man's mental condition upon the day the deed was executed. The defendants have, however, fairly established that there were many occasions, at about the time the deed was drawn, when John Hosey was competent. His general conduct seems to have remained unaffected by his misfortune, except as was to have been expected. His infirmity and his advancing age naturally made more marked his tendency toward retirement. But he could and did, upon occasion, converse freely and understandingly, and he successfully handled such matters as he undertook.

Taking into account the fact that he displayed sufficient mental capacity upon other occasions, the entire lack of proof of his condition on the day the deed was made, and the entirely natural manner in which he undertook to provide for his future support, we think it must be said that plaintiff failed to meet the burden of proof imposed upon her.

[5] There is another feature to which attention is called, that it

138 N.Y.S.—58

may be avoided upon the retrial, which must be ordered. Upon the issue of undue influence, much evidence was taken which was incompetent upon any other theory. This included evidence of an attitude by Michael hostile to the plaintiff. The court withdrew the issue of undue influence, but this evidence remained in the case. It should have been stricken out, and the jury admonished to disregard it. It is true that counsel made no such request; but we cannot but be convinced that this evidence influenced the jury in its deliberations, and very likely was directly responsible for the verdict.

The order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action.

Order reversed, and new trial granted, with costs to appellants to abide event. Held: (1) That the evidence is insufficient in probative force to sustain the allegation that, at the time of execution and delivery of the deed mentioned in the complaint, the grantor was incompetent to understand the nature and quality of the act of execution and delivery; (2) that the verdict is contrary to and is not supported by the evidence; (3) that the verdict is contrary to law. All concur.