## BARKER v. BARKER et al.

(Supreme Court, Appellate Division, Second Department.   March 19, 1915.)

1. PARTITION ☞70—ISSUES—VALIDITY OF DEED.
     The issue of fact arising on the pleadings, as to validity of deeds made by the ancestor of plaintiff and of certain defendants, is a proper one in an action for partition.
     [Ed. Note.—For other cases, see Partition, Cent. Dig. § 193; Dec. Dig. ☞70.]

2. JURY ☞28—WAIVER OF RIGHT—ADJOURNMENTS.
     Right to trial by jury, under Code Civ. Proc. § 970, of an issue of fact arising on the pleadings, is not waived by plaintiff securing adjournments when the case appeared on the Special Term calendar; he not having noticed it for trial thereon.
     [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. ☞28.]

Appeal from Special Term, Westchester County.

Action by Charles A. Barker against Willie C Barker and others. From an order, plaintiff appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Michael J. Tierney, of New Rochelle, for appellant.

William S. Beers, of New Rochelle (J. Addison Young, of New York City, on the brief), for respondents.

CARR, J. This is an appeal by the plaintiff from an order, made at Special Term in Westchester county, denying his motion to strike the case from the Special Term calendar on his demand for a jury trial.

[1] The action was in partition. The issue of fact arose on the pleadings as to the validity of certain deeds made by the ancestor of the plaintiff and some of the defendants. This issue was proper in an action for partition. Curran v. Hosey, 153 App. Div. 557, 138 N. Y. Supp. 910.

[2] The plaintiff did not notice the case for trial on the Special Term calendar. No issues had been framed. Section 1544 of the Code of Civil Procedure, relating to actions for partition, provides as follows:

"An issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated, as prescribed in section 970 of this act, the issues may be tried upon the pleadings."

The only real controversy on this appeal arises from the respondents' contention that the plaintiff had waived his statutory right to a jury trial. No claim is made that the alleged waiver was made in the manner prescribed by section 1009 of the Code of Civil Procedure. It is claimed, however, that the plaintiff, by securing several adjournments when the case appeared on the Special Term calendar, thereby waived his right to a jury trial. In Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350, it was held that section 1009 was not exclusive, and that a waiver of a jury trial might be made by a party noticing a case for trial at a term of the court where no jury was to sit. In that case the party aggrieved did so notice the case for trial, but not so here. Again, that was a case in which the party had not a statutory right to a jury trial.

In Third National Bank v. Shields, 55 Hun, 274, 8 N. Y. Supp. 298, cited by the respondents, the case appeared on the jury calendar and the plaintiff pressed it for trial. The defendants objected, and consented in open court that, if the case went over, it should be tried at Special Term. It was held that this consent, made in open court, was a waiver of the right of a jury trial, and it was enforced accordingly. But that is not the situation here. In this case the plaintiff seasonably demanded his statutory right of a jury trial, and there was no waiver thereof, either expressly or by his conduct.

The order should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.