HARRY HOROWITZ, Appellant, *v.* MANUFACTURERS' TRUST COMPANY, Respondent.

First Department, January 19, 1934.

*David Schwartz*, for the appellant.

*Nathan Waxman* of counsel [*Newman & Bisco*, attorneys], for the respondent.

MARTIN, J. The complaint alleges that between the months of March, 1929, and May, 1930, the plaintiff purchased from the defendant shares of stock of United Founders Corporation for the sum of $2,713.65, which the plaintiff paid to the defendant on account of the purchase price thereof; that during said period the plaintiff was under the age of twenty-one years; that thereafter and prior to the commencement of this action the plaintiff gave due notice to the defendant of his intention to rescind the con-

tracts by which the shares were purchased, and offered to return them to the defendant, demanding the return of the sums of money he had paid; that the offer was refused, and that the plaintiff was damaged in the sum of $2,713.65.

The amended answer denies the material allegations of the complaint and as a separate defense alleges:

" *Fourth.* That the alleged cause of action stated in the complaint did not accrue within one (1) year after the plaintiff attained his majority."

The plaintiff moved to strike out this defense. In opposition to that motion the defendant submitted the affidavit of William L. Schneider, one of its vice-presidents, in which it is set forth that the plaintiff was born on July 9, 1909; that he, therefore, attained his majority on July 9, 1930, and that this action, not having been instituted until February 14, 1933, over two years and seven months after the plaintiff attained his majority, is barred by the Statute of Limitations.

This action is not for rescission; it is for money had and received, based upon the fact that the plaintiff, after he became of age, rescinded or disaffirmed a contract which he had entered into during infancy. An infant may disaffirm his contract within a reasonable time after he becomes of age even though the contract has been fully executed. (*Wyatt* v. *Lortscher*, 217 App. Div. 224; *International Text Book Co.* v. *Connelly*, 206 N. Y. 188.) What constitutes such a reasonable time depends upon the circumstances of the particular case. (*O'Rourke* v. *Hall*, 38 App. Div. 534; *Darlington* v. *Hamilton Bank of N. Y. City*, 63 Misc. 289.)

In *Beardsley* v. *Hotchkiss* (96 N. Y. 201) it is pointed out that an infant's executed contract must be deemed to have been ratified unless disaffirmed before the infant becomes of age or within a reasonable time thereafter. (See, also, *Parsons* v. *Teller*, 188 N. Y. 318.)

Black in his work entitled " Rescission & Cancellation of Written Instruments " ([2d ed.] § 537) says: "A person who was under a disability at the time he entered into a contract, and who has the right to rescind it, either on account of such disability or other cause, is not chargeable with laches in failing to take steps for rescission while the disability still continues, but he must act with reasonable promptness after its removal. Thus, if a party to a contract was an infant at the time it was made, and the contract is of such a nature that he has the right to disaffirm it on account of his infancy, he must do so within a reasonable time after he attains his majority, and if he fails to do so, he will be held to have affirmed it."

The plaintiff alleges that prior to the commencement of this action he gave notice of his intention to rescind the contracts under which the stocks were purchased. It does not appear when that notice was given. A cause of action did not accrue unless the plaintiff disaffirmed within a reasonable time after he became of age. If the plaintiff did so disaffirm, the contracts are not deemed to have been ratified and the plaintiff has a cause of action.

We are of the opinion that the one-year Statute of Limitations has no application to this case and is not a defense.

The order denying the motion to strike out the defense should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.