Estes, J.
This is an action of contract to recover $1600 paid to the defendant on the ground that the plaintiff was a minor when the contract was entered into. The trial judge, finding in behalf of the plaintiff filed the following:
The court found the following facts:
“This is an action of contract to recover the sum of sixteen hundred (1600) dollars and interest paid to the defendant under contracts made during the infancy of the plaintiff. The writ is dated July 11, 1931, returnable the second Saturday in August 1931, with an ad damnum of three thousand (3000) dollars.
I find the .facts to be substantially as follows:
The plaintiff, a minor, entered into a contract with the defendant, the Curtis-Wright Flying Service, Inc. for instruction as a private pilot, on September 25, 1929. The cost of the course was three hundred (300) dollars, and the same was completed and paid for. On February 27, 1930, the plaintiff entered into a contract with the defendant for a course of instmetion as a limited *570 commercial pilot, the cost of the course being thirteen hundred (1300) dollars. The course was completed and paid for. On May 6, 3930, the plaintiff entered into a contract with the defendant for a. course of instruction as a transport pilot, the cost of the course being thirty-two hundred (3200) dollars. This course was not completed, and no amount was paid on account of the cost of the same. At the time these contracts were signed, the plaintiff was a minor. The plaintiff voluntarily withdrew from the transport pilot’s course in May, 1930, and attained his majority on July 20, 1930. On February 28,1931 after receiving a notice that he owed a balance of forty-eight dollars and fifty five cents (48.55) on account of the instruction received under the third contract, he visited the office of the attorney for the defendant at New Bedford, Mass., and stated he did not owe any money to the defendant. He did not disaffirm his contracts until July 11, 1931, when he brought the present action. The plaintiff is the son of a textile weaver employed at New Bedford, Mass. He went to work at the age of sixteen, as a plumber’s helper. Later, he worked in an auto garage, earning on an average of twenty (20) dollars per week, and later did some laboring work at twenty-two (22) dollars per week. He left New York in the early part of 1929, and went to work for Carpen Brothers as an upholsterer, earning on an average of twenty-four (24) dollars per week. He left this job to take the course of flying instruction from the defendant. At this time, las folks had accumulated two thousand (2000) dollars, and he, himself, had accumulated four hundred (400) dollars. He took the course ‘because he wanted to learn a new trade and earn a good living. ’ The plaintiff failed to qualify as a private pilot, or as a limited commercial pilot, although he had taken examinations for same. He has been unable to obtain work in any commercial flying service as a result of having taken this course.
It is agreed by counsel for the parties hereto that the law of the State of New York is applicable in this ease.
I find that the plaintiff was a minor at the time the contracts were made; that he was a minor at the time of the execution of the first and second contracts and at *571 the time that he left the school in May 1930; during his instruction under the third contract. I find that he disaffirmed his contracts and that the disaffirmance was within a reasonable time after attaining his majority. I further find that the courses of instruction were not necessaries for the plaintiff.
I rule that under the law of the State of New York, the plaintiff, having received from the defendant only an intangible right, in the nature of flying school instruction, is not chargeable for the benefit, if any, received from such instruction. International Text Book Co. v. Connelly, 286 N. Y. 188; Green v. Green, 69 N. Y. 553. Rice v. Butler, 160 N. Y. 578; Wyatt v. Lortscher, 216 N. Y. Supp. 571; McCarthy v. Bowling Green Storage Co., 169 N. Y. Supp. 463.
Judgment for the plaintiff in the sum of twenty-one hundred sixty-three dollars ($2163).”
The case is to be decided according to the law of New York. The three contentions made before us are:
(I) Did the course of instruction constitute necessaries for the plaintiff?
(II) Has the plaintiff a right to rescind this contract as an executed contract?
(III) If the plaintiff has a right to rescind did he do so within a reasonable time after reaching his majority.
(1) As to the contract being one of necessaries. It was said in International Text Book Co. v. Connelly, 206 N. Y. 188,195 “what are necessaries depends on circumstances to some extent and frequently involves a question of fact. The word necessaries as used in the law is a relative term, except when applied to such things as are obviously requisite for the maintenance of existence and depends on the social position and situation in life of the infant as well as upon his own fortune and that of his parents. What would be necessary in a legal sense for an infant with ample means of his own might not be so for one with no means at all. A proper education is necessary but what is a proper educa *572 tian depends on circumstances. A common school education is doubtless necessary in this country, because it is essential to the transaction of business and the adequate discharge of civil and political duties. A classical or professional education, however, has been held not to come within the term (cases cited). Still circumstances not found in the cases cited may exist where even such an education might properly be found a necessary as a matter of fact. ’ ’
There it was held that a course of instruction in complete steam engineering with five years in which to finish it, was held not a necessary because of lack of evidence as to facts bearing on the question of its necessity. As to a course of electrical instruction and relying upon International Text Book Co. v. Connelly, supra, see Crandall v. Coyne Electrical School, 256 Ill. Ap. 322.
The defendant relies upon Curtis v. Roosevelt Aviation School Inc., 1934 U. S. Aviation Reports, 135. This was a municipal court ease before a single justice, in which it was declared that a contract for instructions in an aviation school to prepare an infant student as a mechanic is a contract for necessaries. The sole sentence on this point in the opinion reads, “it is my view that the course of study sought was to secure mechanical knowledge to equip plaintiff for a job in that line and should be classified as a necessary.” There are no citations supplementing that statement and evidently the words of the justice are to be construed as a finding of fact rather than as a ruling of law. The course of instruction in the case at bar cannot be said, as a matter of law to be a necessary.
(2) As to the plaintiff’s right to rescind an executed contract. In the nature of things, the contract being instruction given by the defendant to the plaintiff there can be no return of the consideration received by the plaintiff.
In Wyatt v. Lortscher, 217 App. Div. (N. Y.) 224 it is said *573 at page 226, “Contracts of infants, except for necessaries, altho not void, are voidable at the will of the infant (cases cited). The infant himself may elect to disaffirm a contract within a reasonable time after becoming of age even though the contract has been fully executed . . .(P. 227) Disaffirmance however, carries with it a reciprocal obligation of returning considerations received for the obligation disaffirmed. It would be inequitable to allow an infant to avoid obligations on his part and at the same time retain the benefits which continue to enrich him (cases cited). He is not required at all hazards, however, to restore the other party to the contract to the position he was in when the contract was made. If, for example, the infant has squandered some part of the property he has received,' or even all of it, he may, nevertheless, disaffirm the contract and get back what he himself gave, giving back only what he continues to hold (cases cited). Were this not so, in many cases the result would be to hold the infant to Ms contract, wMch would be contrary to the considerate policy of the law towards those not yet of age.” See also Green v. Green, 69 N. Y. 533, Rice v. Butler, 160 N. Y. 578, McCarthy v. Bowling Green Storage Co., 169 N. Y. Sup. 463 cited by the trial court in his memorandum.
If one is not obliged to put the other party in status quo with reference to as much of the consideration as the minor may have squandered, there is no reason for saying that he is precluded from disaffirming because the nature of the consideration is such that inherently it cannot be restored to the other party. To allow otherwise would be indirectly to give full force to a contract made with the minor whenever the other party had received consideration for something intangible. The defendant suggests a difference exists between tangibles and intangibles. But that difference does not seem to have as yet been intimated in the decisions of *574 New York. The contract of the minor in the case at bar is one which is subject to disaffirmance by the minor.
(3) We. are of the opinion, however, that there was err- or in giving the plaintiff’s tenth request and in denying the defendant’s fifth request.
The facts found by the court are that (1) the plaintiff “attained his majority on July 20,1930,” (2) on February 28, 1931, after receiving a notice that he owed a balance of $48.55 ... he visited the office of the attorney for the defendant “and said he owed nothing”, (3) He did not dis-affirm his contracts until July 11, 1931, when he brought the present action.
In Welch vs. King, 279 Mass. 445 at page 450, Chief Justice Rugg stated the general rule. It is “that, since the privilege of disaffirmance belongs to the minor alone and cannot be exercised by the other party to the contract, it must be exercised within a reasonable time -having regard to all the circumstances.” See also Darlington vs. Hamilton Bank of New York, 63 Misc. 289 and Aldrich vs. Funk, 1 N. Y. Supp. 543.
That failure to disaffirm an executed contract within a reasonable time operates as a ratification. See Parsons vs. Teller, 188 N. Y. 318 at 326, and Washington Street Garage vs. Malloy, 230 A. D. 266 at 267.
The plaintiff, citing Welch vs. King, supra, says the law of New York is the same as that of Masaschusetts with respect to ratification of infants’ contracts. He relies on the language used in Welch vs. King, in which it is said “no occasion has hitherto arisen for the defendant to declare herself in confirmation or repudiation.” But the court in that case further said, “It would have been a dumb' show for the defendant to undertake repudiation of the clause before anyone could have anticipated that it would ever be operative.”
*575 The facts in that case are quite different from those in the case at bar. Here the contracts which the plaintiff now seeks to disaffirm had long since been executed. Seven months after the plaintiff reached the age of twenty-one years the defendant notified him, that it claimed he owed it a balance due, and only when the defendant brought suit for the alleged balance due did the plaintiff disaffirm.
This was practically one year after he became of legal age. It was five months after the demand by the defendant on him.
We are of the opinion that as a matter of law the plaintiff did not disaffirm the contracts within a reasonable time after attaining his majority, and that under all the circumstances his failure to disaffirm constitutes a ratification thereof. See Lown vs. Spoon, 158 A. D. 900.
It is, therefore, ordered that the finding of the trial court be reversed, and finding entered for the defendant.