Harold Baer, J.
The plaintiff brings suit for his commissions as personal manager of the defendant, a professional model and winner of the “Miss Rheingold” contest for the year 1957.
The case was tried before the court without a jury. Formal findings of fact and conclusions of law were waived.
The plaintiff bases defendant’s alleged obligation to him on the following writing:
June 28, 1954.
This letter is to confirm that Mr. Demetrios A. Sazani has been duly authorized to act as personal manager to Miss Margaret McNally with Miss McNally’s mother who is her guardian.
All set commitments for Miss Margaret McNally will be discussed completely between Mrs. McNally and Mr. D. A. Sazani before a decision is made.
When Miss McNally earns enough monies so that a percentage may be deducted for expenses in promoting Miss McNally and exploitation for same. Then Mrs. McNally and Mr. D. A. Sazani will divide amongst themselves 15% of her earnings from all monies earned that exceed $5,000.00.
Said contract shall stay in existence until Miss Margaret McNally finishes her tenure as Miss Rheingold and then may keep same personal managers as stated or make any change that she may wish.
Signed Miss Margaret McNally
Signed Mrs. Margaret McNally.
This instrument was prepared by the plaintiff on his letterhead, and forwarded in duplicate to defendant. It was signed by the defendant and her mother but not by the plaintiff.
*528 The defendant contends that this is not a binding contract for lack of definiteness and mutuality. She further contends that it was conceived by the plaintiff as a means of temporary protection to her when she was besieged with offers of jobs and managerial contracts after winning a contest as “ Miss wrrBT ’ ’; that there was never any intention by either party to treat this as an agreement; that within three weeks after it was signed, defendant embarked on her career as a professional model and plaintiff told her and her mother that the protection afforded by the instrument was no longer necessary and it could be torn up. Defendant’s copy was destroyed. Finally, plaintiff pleads infancy as a defense as she was only 19 years of age on June 28, 1954, the date of the alleged contract.
The weakest defense is that the alleged contract lacks mutuality. Each term of a contract need not be expressed; an agreement to perform may be implied from the contract as a whole. It was Judge Cabdozo who said: “ The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be ‘ instinct with an obligation, ’ imperfectly expressed * * * If that is so, there is a contract.” (Wood v. Duff-Gordon, 222 N. Y. 88, 91; McCall Co. v. Wright, 133 App. Div. 62, 68, affd. 198 N. Y. 143.)
The evidence brought out the usual duties of a personal manager and if that was the understanding, there was mutuality of obligation.
With respect to the defense that the contract lacks definiteness, the contract has two serious defects. The third paragraph provides for a percentage of earnings to be deducted for expenses and a commission to be paid to the plaintiff and another, “when Miss McNally earns enough monies”. The last paragraph of the alleged agreement provides for the continuation of the contract, “until Miss Margaret McNally finishes her tenure as Miss Rheingold ”, when in fact the defendant had not even entered such contest and might never have won such title.
Both of these provisions are basic and material, one dealing with the compensation to be paid, and the other the duration of the contract. Both are so vague and indefinite as to make it impossible to ascertain their meaning with any degree of reasonable certainty, and consequently are unenforcible. (United Press v. New York Press Co., 164 N. Y. 406, 410; Varney v. Ditmars, 217 N. Y. 223, 228; Von Reitzenstein v. *529 Tomlinson, 249 N. Y. 60.) The questions of intention to make a contract and revocation need not be considered.
If an enforcible contract was in existence, performance by the plaintiff was nominal if not entirely lacking. It may be as plaintiff contends, that there was nothing for him to do and that in the ordinary personal management arrangement he could sit back, hope that his artist was doing the right thing and collect commissions. However, the expert witnesses brought in by the plaintiff testified otherwise. They performed services, kept in close touch with their charges, and supervised their Avork. This plaintiff did little or nothing. He had some telephone conversations and accidentally met the defendant on a number of occasions over a period of 28 months. Her modeling agency did the advising, obtained jobs for her and aided her in preparing for the contest which she won. She paid this agency 10% of her earnings which were substantial.
While such contracts may be enforcible between adults, courts are expected to protect the interests of infants (Sternlieb v. Normandie Nat. Securities Corp., 263 N. Y. 245, 250). In this court’s opinion the infant defendant had the absolute right to disaffirm. The defendant contends that the plaintiff waived that right because of failure to disaffirm within a reasonable time after attaining her majority, and because section 260 of the Debtor and Creditor Law precludes disaffirmance of a contract by an infant over the age of 18 years when made in connection with the infant’s business.
The defendant was 18 years of age in June, 1953. She reached her majority in June, 1956. The plaintiff never made claim or demanded payment until November, 1956, after the defendant had Avon the “ Miss Rheingold ’ ’ contest. The defendant did not consider that there was any contract in existence. She first had knowledge of plaintiff’s claim in early November, 1956 (letter of claim and for an accounting dated Nov. 6, 1956 is in evidence), and immediately denied liability and disaffirmed. “ An infant may disaffirm his contract Avithin a reasonable time after he becomes of age even though the contract has been fully executed. [Cases cited.] What constitutes such a reasonable time depends upon the circumstances of the particular case- — [cases cited],” (Horowitz v. Manufacturers’ Trust Co., 239 App. Div. 693, 694). “ The Aveight of authority in New York holds that what is a reasonable time is generally a question of fact— ”. (Richardson on Evidence [8th ed. by Prince], § 119, p. 94; Sternlieb v. Normandie Nat. Securities Corp., 152 Misc. 303.)
This court finds that under the facts in eAddence herein the defendant disaffirmed within a reasonable time.
*530 Section 260 of the Debtor and Creditor Law was enacted to aid those contracting with infants who had attained their eighteenth year and who contracted in connection with a business in which the infant was engaged. However, the burden of proof as to whether the contract was made in connection with a business and also whether the contract was reasonable and provident when made, “ shall be upon the person seeking ” to enforce the contract and defeat disaffirmance by the infant.
The plaintiff sought to prove reasonableness by testimony of personal managers to the effect that 20% to 50% was reasonable and therefore 7y2% was very reasonable. Such reasoning is not pertinent. It cannot be said that the contract was provident for an infant who had to rely upon and pay an agent for all her earnings and professional advancement. This is particularly so in view of the uncontradicted testimony that models are all registered with agents but none ever has a personal manager as they are not needed, or are they any advantage to a model. The detailed explanation of the contest method negates any help that a personal manager can give to a contestant. Certainly he can give nothing that the model does not get from her agency which receives 10% of her earnings. This alleged contract is neither reasonable nor provident and the infant may and did disaffirm it within a reasonable time after attaining her majority. (Mara v. Nevins, 122 N. Y. S. 2d 225.)
Judgment for the defendant. Ten days’ stay, 60 days to make a case.