■ ELLA KILCOIN et al., Appellants, v. SUNNY COUNTRYMAN et al., Respondents.— Appeal by the plaintiffs from an order of the Supreme Court, Special Term, Sullivan County dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and from the judgment entered upon the order. The complaint alleges that the plaintiffs are the heirs at law and next of kin of Chauncey Countryman, who had died intestate, that the intestate had owned three parcels of real property which he had conveyed to the defendant Sunny Countryman at a time when he was incompetent to make a conveyance and that the said defendant had obtained the conveyances by fraudulently representing to the intestate that she was competent to marry the intestate when, in fact, she was already lawfully married to another. The relief sought is the setting aside of the deeds. The Special Term dismissed the complaint upon the ground that the right to set aside the deeds was " a mere chose in action, which, upon his death, intestate, passed to his personal representative. Only such representative may maintain an action for the cause or causes alleged in the complaint." It has, however, been held that the heirs at law of an intestate have the right to maintain an action to set aside a conveyance of real property alleged to have been procured

by fraud practiced upon the intestate (*Keenan* v. *Keenan*, 58 Hun 605, 12 N. Y. S. 747; *O'Rourke* v. *Hall*, 38 App. Div. 534; *Irving* v. *Breun*, 110 App. Div. 558, affd. 186 N. Y. 605; *Bliss* v. *Winters*, 38 App. Div. 174). Order reversed and motion denied, with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.