1830.

Lynde
v.
Budd.

---

### LYNDE vs. BUDD and others.

Where D. in April, 1818, sold land to B. an infant, and the infant upon the execution and delivery of the deed to him gave to D. a bond and mortgage upon the premises for the purchase money; and the deed and mortgage were both duly acknowledged and recorded, and one half of the purchase money was paid to D. by B. at the time of the purchase; and B. the infant, immediately went into possession of the premises, and continued in possession until after he arrived at the age of 21 years; and then sold the same to R. who conveyed them again to other persons; and all the purchasers had full knowledge of the mortgage, which was assigned by D. to L. in 1819; it was held, that the mortgage was a legal charge upon the land, and that if the premises did not sell for a sum sufficient to discharge the amount due upon the mortgage, with the costs of the suit, B. would be liable to pay the balance.

The contract with the infant was not void, but only voidable at his election, when he became of age.

He might then have relinquished the property, and claimed a re-payment of the money paid by him to the grantor at the time of the purchase.

But by continuing in possession after 21, and conveying the land with warranty, be affirmed the contract, and made himself liable for the payment of the residue of the purchase money.

The deed and mortgage being executed at the same time formed but one contract; and the infant could not affirm such contract as to the deed and avoid it as to the mortgage.

In April, 1818, J. Dearborn sold and conveyed to the defendant Budd, then being only 20 years of age, a lot of land in Homer, for the consideration of $600. At the same time Budd executed and delivered to Dearborn a bond and mortgage for the purchase money, one half thereof to be paid immediately, and the residue on the first of June, 1819, with interest. The deed and mortgage were both duly acknowledg-

April 20th.

ed and recorded, and $300 of the purchase money was, on the day of the acknowledgment, paid to Dearborn by Budd. Budd went immediately into possession of the premises, and continued in possession thereof until after he became twenty one years of age. Budd afterwards sold and conveyed the land to the defendant Rouse. The other defendants are subsequent purchasers from Rouse. All the defendants purchased with full knowledge of the mortgage, which was assigned to the complainant by the mortgagee in 1819. The only question now raised was, whether Rouse and the purchasers from him took the land discharged from the lien, by reason of the infancy of Budd, at the time the mortgage was executed.

*N. Dayton & J. A. Collier*, for the complainant.

*Henry Stephens*, for the defendants.

THE CHANCELLOR. The contract with the infant in this case was not void, but only voidable, at the election of the grantee when he became of age. He might then have relinquished the property to the grantor, and claimed back the money which had been paid at the time of the purchase. *Willis* v. *Twambly*, 13 Mass. R. 204.) But by continuing in possession after he became twenty one, and finally selling and conveying the land with warranty, he affirmed the contract. If an infant exchange lands, and after he becomes of age continues to occupy the lands taken in exchange, he affirms the bargain and the exchange becomes perfect. (Co. Litt. 51 b. 2 Vern. 225.) In Kelley's case, (1 Brownl. R. 120,) where an infant took a lease of land, rendering rent, and continued in possession after he became of age, he was held personally liable on the covenant for the payment of the rent. In this case, the deed and mortgage being given at the same time are to be construed together, as forming only one instrument or contract. (1 Paige's R. 455.) The infant cannot avoid one part and affirm the other. If, when he came of age, he had elected to avoid the bond and mortgage, the deed also would have been avoided. By continuing in possession, and conveying the land, he affirmed the whole bargain, and made himself legally liable for the payment of the residue of the pur-

chase money. The cases of *Hubbard* v. *Cummings*, ( 1Greenl. R. 11,) and *Roberts* v. *Wiggin*, ( 1 N. H. R. 73. ) are directly in point on this question. The case of *Badger* v. *Phinney*, ( 15 Mass. R. 359,) also shows that an infant cannot disaffirm the contract, and at the same time retain the fruits of the bargain which he has made while under age..

The mortgage in this case is therefore a legal charge upon the land ; and there must be the usual decree directing a reference to complete the amount due, and for a sale of the premises on the usual notice on the confirmation of the master's report. There must also be a decree over against Budd for the balance, if the premises do not sell for enough to pay the amount reported due, with the costs of this suit.