### SETH B. FREEMAN *vs.* JOHN J. NICHOLS.

Bristol. Oct. 28, 1884. — Jan. 8, 1885. C. ALLEN & COLBURN, JJ., absent.

An action, begun while the defendant was a minor, upon a contract, not for necessaries, made by him, in answer to which he sets up his infancy at the time the contract was made, cannot be maintained upon evidence of ratification after he became of age.

CONTRACT upon a written agreement for the erection of a barn, with a count for work done and materials found. Trial in the Superior Court, without a jury, before *Knowlton*, J., who ruled that the action could not be maintained, and found for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. A. Reed*, for the plaintiff.

*J. H. Galligan*, for the defendant.

MORTON, C. J. This action was commenced before the defendant became of age. He set up in his answer, which was

filed before he became of age, his infancy at the time the contract sued on was made.   This was a disaffirmance and avoidance of the contract.   The plaintiff put in evidence tending to show that, after he became of age, the defendant ratified the contract.   The court rightly ruled that the action could not be maintained.

As a general rule, the right of a party to recover must be determined by his rights at the time the action is commenced, and the plaintiff cannot recover on a promise made after that time.   Under the old system of special pleading, where in an action upon a contract the defendant pleaded infancy, and the plaintiff relied upon a ratification after the defendant became of age, he filed a replication alleging that he ought not to be barred by the plea, " because he says, that the said defendant, after the making of the said several promises and undertakings in the said declaration mentioned, and before the commencement of this suit, to wit, on, &c., attained his age of twenty-one years. And the said plaintiff further saith, that the said defendant, after he had so attained his age of twenty-one years, and before the commencement of this suit, to wit, &c., assented to, and then and there ratified and confirmed, the said several promises and undertakings in the said declaration mentioned."   3 Chit. Pl. (13th Am. ed.) 1147.   Under our system of pleading, no replication is necessary ; but the plaintiff must prove, as he was required to do under the old system, that the ratification upon which he relies was made after the defendant reached full age, and before the commencement of the action.

This was so held in *Ford* v. *Phillips*, 1 Pick.  202, which case is decisive of the case at bar.                 *Exceptions overruled.*