Allen, J.
This is an appeal from a judgment ren *228 dered on the verdict of the jury in the District Court of the City of New York for the Seventh Judicial District. This action, which is an action' of replevin, was brought to recover possession of one black horse, saddle and bridle, to which the plaintiff claims title. The jury, under the direction of the court, returned a general verdict for the plaintiff, but did not assess the value of the property claimed nor award damages for its detention. On this verdict the court rendered judgment for the return of the property, and assessed its value at the sum of $150.
The defendant received the property in question from the Olympian Club. It appears that the Olympian Club awarded it to her as a prize for the representation of the statue of the “ Goddess of Liberty Enlightening the World,” in which representation Miss Racy, the defendant, represented the Goddess of Liberty. The award by the committee of the Olympian Club, as appears from the testimony, was in this form: “ Horse, saddle and bridle awarded to the Bartholdi statue, Miss Racy.”
The plaintiff claims title to the property under an agreement alleged to have been made by him with the defendant that in the event of her winning the prize she would give the property to him.
We think the plaintiff has no cause of action. The Olympian CMb delivered the property to the defendant, and parted with its title to her for the purpose of conveying that title. The plaintiff never had title to the property, nor the possession of it, nor the right of possession. One of these conditions at least was indispensable to authorize the plaintiff to maintain a replevin.
The plaintiff’s claim to the right'of possession is founded upon an agreement alleged to have been made with the defendant, who is an infant, which agreement, therefore, is voidable at her election. And she did so elect, by pleading her infancy as a defense to the action (Tyler on Infancy and Coverture, p. 76).
The alleged agreement was that if the horse was awarded to her, she would give it to the plaintiff. She denied any *229 such agreement, but if it had been made, it was voidable ; and the horse having been awarded to be delivered to her, the plaintiff under such an agreement had no right to the possession of it.
Apart from the question of the right of the plaintiff to recover in this action, it is clear that the judgment is irregular. The verdict of the jury should have fixed the value of the property, at the time of the trial, as required by the statute. The court cannot supply the omission by inserting in the judgment a sum of money as the value of the property.
The judgment should be reversed, with costs.
Charles P. Daly, Ch. J., concurred.
Judgment reversed, with costs.