JOHN THOMAS, as Treasurer, etc., Appellant, v. HARRIET E. HARMON, Impleaded, etc., Respondent.

The power conferred upon County Courts by the provision of the Code of Civil Procedure (§ 340), which extends their jurisdiction to the "fore-closure, redemption and satisfaction of a mortgage upon real property," does not include, as incidental thereto, the power to reform a mortgage.

The word "mortgage," as used in said provision means a written mortgage only.

The provision of said Code (§ 340), giving said courts jurisdiction of an action "to procure a judgment requiring the specific performance of a contract relating to real property," has reference to contracts which are complete, and does not extend to the reformation of an imperfect instrument, even if it is a lien upon land.

A County Court, therefore, has not jurisdiction of an action to reform a mortgage, although part of the relief asked is the foreclosure of the mortgage after it has been reformed; the remedies are independent, and may be attained by separate actions, open to separate and independent defenses.

(Argued June 12, 1890; decided October 7, 1890.)

APPEAL from so much of a judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1888, as reversed a portion of a judgment of the County Court of Genesee county in favor of plaintiff entered upon the decision of the county judge.

This action was brought in said County Court to reform, and foreclose as reformed, a mortgage dated March 14, 1881, executed by the defendant Harriet E. Harmon to Jerome C. Guiteau, as treasurer of Genesee county, to secure the pay-

ment of $350 in two years, with semi-annual interest, according to the condition of a bond accompanying the same.

The complaint, in addition to the usual allegations in foreclosure actions, contained the following: "That at the time said mortgage and bond were taken to secure said moneys, a mistake was made by the draftsman in drawing the same; that it was understood and agreed by the parties thereto that it should cover the whole of the above-described premises, and be a lien on the whole, instead of a part thereof; and that the fourth and fifth lines of the description thereof should read as follows: 'All that part of lot 21, village of Batavia, bounded and described as follows' in place of and instead of 'An undivided one-half of village lot 2100, described as follows;' that said correction will make it correspond with the agreement; that said mistake was not discovered until within the last six weeks; and that unless said mistake is corrected, and said moneys are declared a lien upon the whole premises from the date of said mortgage, the plaintiff will be in danger of losing part of the sum designed to be secured, as the premises, as described therein, are not sufficient security for said moneys and the mortgagor, Harriet E. Harmon, is insolvent; * * * that by reason of said agreement above mentioned, that this mortgage should be a lien upon and cover the whole of said described premises, instead of one undivided half, the plaintiff claims and insists that said moneys secured thereby are the first lien upon the whole of said premises, and asks this court to so decree and adjudge, and asks that the prayer of the complaint apply to the whole of said premises, and said correction in the description be adjudged to be made."

The relief demanded, among other things, was "that said mortgage be adjudged a lien on the whole of said premises from its date."

The defendant, by her answer, put at issue the allegations quoted above.

The trial court found, as a fact, that said mortgage was executed, delivered and accepted under the mutual mistake of the parties thereto as to the particulars set forth in the complaint,

and that the county treasurer loaned the sum mentioned to the defendant, in good faith, and in the belief that the mortgage was drawn, in conformity with said agreement, to cover the whole of the premises. He also found, as a conclusion of law, " that the description and error in the description should be amended by substituting in the place of the words 'An undivided one-half of village lot 2100, described as follows,' these words 'All that part of lot 21 in the village of Batavia, bounded and described as follows;' so that said description of the mortgaged premises shall correspond with the agreement made by the parties; and that said mortgage be and is a lien upon the whole of said mortgaged premises, as they will be described when said amendment is made, from the date of said mortgage and prior to the lien of any judgment subsequently obtained, the same as though the description had, when first drawn, included the whole of said premises, and that said mortgage, so as aforesaid amended, be foreclosed on the same for the sum of $380.74 due thereon; and that the usual judgment of foreclosure and sale of said premises, and for the amendment of the same so that said judgment of foreclosure and sale shall embrace the whole of said premises, be entered in this action."

*N. A. Woodward* for appellant. The County Court has jurisdiction to correct a clerical error in drawing a mortgage. (*Doubleday* v. *Heath,* 16 N. Y. 80; *Arnold* v. *Reese,* 18 id. 57; *Williston* v. *Williston,* 41 Barb. 635; *Hall* v. *Hall,* 30 How. Pr. 51; Code Civ. Pro. §§ 340, 348; *De Peyster* v. *Hasbrouck,* 11 N. Y. 582; *Rider* v. *Powell,* 28 id. 310; *Gillespie* v. *Moon,* 2 Johns. Ch. 585; *Heisselbrack* v. *Livingston,* 4 id. 144; *Pitcher* v. *Hennessy,* 48 N. Y. 415; *Born* v. *Shrenkeisen,* 110 id. 55; *Maher* v. *H. Ins. Co.,* 67 id. 283.) The County Court had jurisdiction of an action to procure a judgment requiring a specific performance of a contract relating to real property where the real property to which the action relates is situated in the county. (Code Civ. Pro. § 348; *Adams* v. *Ash,* 46 Hun, 105.) Plaintiff had a written

mortgage on one undivided half of the premises, and an equitable mortgage upon the other half, coupled with an agreement that the equitable mortgage was to be included in the written mortgage; the fault of its not being so included being on the part of the defendant. The whole mortgage could only be foreclosed by making proof of the facts, and the mortgage was a lien upon the whole premises. This required this correction, and the County Court could make it on this foreclosure. (*Burdick* v. *Jackson*, 7 Hun, 488; *Payne* v. *Wilson*, 74 N. Y. 348; *Chase* v. *Peck*, 21 id. 581; *Williams* v. *Ingersoll*, 23 Hun, 284; *Maher* v. *H. Ins. Co.*, 67 N. Y. 283; 23 id. 357; 48 id. 415; *Blake* v. *L. & F. M. Co.*, 77 id. 627; *Wilson* v. *Van Pett*, 2 F. & C. 414; 71 N. Y. 611; *In re Morgan*, 99 id. 145; 34 Hun, 217; *Born* v. *Shrenkeisen*, 110 N. Y. 55; *Adams* v. *Ash*, 46 Hun, 105.)

*Hobart B. Cone* for respondent. To entitle a party to be relieved from a contract, on the ground of mistake, the proof must be clear and positive. (*Hill* v. *Hill*, 10 Wkly. Dig. 239; *Stettheimer* v. *Killip*, 75 N. Y. 282; Moak's Van Santvoord's Pleadings [3d ed.], 376; *Story* v. *Conger*, 36 N. Y. 673; *Bryce* v. *L. Ins. Co.*, 55 id. 240; 75 id. 282.) The court erred in receiving testimony to the question, " Do you know what premises under said agreement said mortgage was to cover and include? If yea, state what those premises were, and whether or not it covers the premises, and the whole it was intended to cover." (*Gutchess* v. *Gutchess*, 66 Barb. 483; *Smith* v. *Sergent*, Id. 67, 243; *Carr* v. *Breese*, 81 N. Y. 592; *Morehouse* v. *Mathews*, 2 id. 514; *Murray* v. *Bethune*, 1 Wend. 192; *Rich* v. *Jakway*, 18 Barb. 357.) The County Court of Genesee county had no jurisdiction to try the matter at issue. (*Frees* v. *Ford*, 6 N. Y. 176; 4 Wait's Pr. 231; Code Civ. Pro. §§ 340, 348; *Avery* v. *Willis*, 24 Hun, 548, 550; Const. of 1846, art. 6, § 14; *Mosher* v. *Campbell*, 30 Hun, 230; *Thomas* v. *Harmon*, 46 id. 76–79.) Time is not limited for the discovery of mistakes. (*First Nat. Bk.* v. *Morgan*, 73 N. Y. 593.)

Vann, J. The object of this action, as the complaint shows, was first to reform and then to foreclose the mortgage in question. The findings of the trial court and the judgment entered thereon effected that object so far as the County Court had jurisdiction to entertain such an action and to make such a decree. The fact that an ageement was entered into by the parties but that, through mutual mistake, the mortgage in its written form did not express what was really intended by them, as found by the court, was warranted by the evidence and was sufficient to authorize a court of equity to decree reformation. (*Rider* v. *Powell*, 28 N. Y. 310; *Bush* v. *Hicks*, 60 id. 298; *Born* v. *Schrenkeisen*, 110 id. 55; Pom. Eq. Juris. § 1376.)

The only question open to discussion is whether the County Court has jurisdiction of an action to reform a mortgage where part of the relief demanded is the foreclosure of such mortgage after it has been reformed. The County Courts are not courts of general jurisdiction, but have such powers as have been expressly conferred upon them by the Constitution and by the legislature pursuant to the authority of the Constitution. (*Griswold* v. *Sheldon*, 4 N. Y. 581; *Frees* v. *Ford*, 6 id. 176; *Arnold* v. *Rees*, 18 id. 57; Const. St. cf N. Y. art. 6, § 15.) While courts of general jurisdiction are presumed to have the powers that they assume to exercise until some limitation thereof is made to appear, the authority of courts of inferior jurisdiction must be shown. (*Chemung Canal Bank* v. *Judson*, 8 N. Y. 254; *Bosworth* v. *Vandewalker*, 53 id. 597; *People ex rel. Tweed* v. *Liscomb*, 60 id. 559.) The Constitution does not confer jurisdiction in actions of this character upon the County Courts, but it directs that they shall have such "original jurisdiction as shall be provided by law." The legislature exercised the power thus confided to it by enacting that "the jurisdiction of each County Court extends * * * to an action for the partition of real property; for dower; for the foreclosure, redemption or satisfaction of a mortgage upon real property; or to procure a judgment requiring the specific performance

of a contract relating to real property; where the real prop-
erty, to which the action relates, is situated within the county."
(Code Civ. Pro. § 340.) By another section it also provided
that " where a County Court has jurisdiction of an action or
special proceeding, it possesses the same jurisdiction, power
and authority in and over the same and in the course of
the proceedings therein which the Supreme Court possesses
in a like case and it may render any judgment, or grant
either party 'any relief, which the Supreme Court might
render or grant in a like case." (Id. § 348.) Unless the
jurisdiction essential to sustain the judgment appealed from
was conferred by these sections it did not exist. While
express power to take cogizance of such an action as this has
not been given to the Courty Courts, it is claimed to exist not
as a distinct feature, but as incidental to the power to fore-
close a mortgage by enlarging the measure of relief and thus
aiding to make the foreclosure effectual. An examination
into the general nature and object of an action to foreclose
and an action to reform a mortgage, shows, as was held in
*Avery* v. *Willis* (24 Hun, 548, 550), that they are independent
remedies that may be attained by separate actions open to
separate and independent defenses. The former is a final
remedy that by direct action affords the extreme relief to
which the plaintiff is entitled, by a sale of the land covered
by the mortgage and the payment out of the proceeds of the
debt thereby secured. It is confined to a completed instru-
ment and to the enforcement thereof as it was written. It
will not lie until something is due upon the mortgage accord-
ing to its terms, and it may be defeated, at any time before
final judgment, by payment of the amount due with costs.
(Code Civ. Pro. § 1634.) Even after judgment the like pay-
ment leads to an arrest of all proceedings to enforce the decree
until another default. (Id. § 1635.) It operates only upon
the land described in the mortgage and exclusively upon the
interest therein described. On the other hand an action to
reform a mortgage is not a final, but an intermediate remedy.
It is primary and preparatory in purpose and until it acts

there can be no foreclosure as to the land omitted. Its object is not to enforce but to establish the contract, not as it was written, but as it should have been written according to the agreement of the parties. Its action is indirect, because instead of collecting the debt, it renders it more secure. It cannot afford ultimate relief by selling the land and applying the proceeds. Its sole office is to correct mistakes by writing out the contract according to the actual agreement and thus it may operate upon other lands, including those not situated in the same county. It may be maintained whether anything is due upon the mortgage or not, and it cannot be defeated by partial payment. It is in no sense dependent upon or a part of an action of foreclosure, but rests upon a substantive cause of action dependent only upon itself. The one will lie when the other will not, and one may be prosecuted to final judgment and the judgment fully enforced, without affording any of the relief that is within the province of the other. Indeed, the action to foreclose may be dependent upon the action to reform, as there might be nothing to foreclose until reformation had been decreed. Different Statutes of Limitation apply to the two actions, which do not require the same parties, as one can, while the other cannot, afford relief against a purchaser in good faith and for value. While the two causes of action are frequently united, when relief is sought in a court possessing general equity powers, the pleadings, proof and principles of law that apply to the one have no application to the other.

We think, therefore, that the power to forclose a mortgage does not include as incidental thereto the power to reform it, and hence that so much of the decree of the County Court as purports to correct the mistake in question was made without jurisdiction and is void.

The appellant claims that he had a written mortgage upon one-half of the premises and an unwritten or equitable mortgage upon the other half, and that the County Court had power to foreclose both, but we think that the statute when it refers to "the foreclosure, redemption and satisfaction of a

mortgage upon real property," means a written mortgage only. It is also claimed that an action to reform a mortgage is an action "to procure a judgment requiring the specific performance of a contract relating to real property," within the meaning of the Code. (§ 340.) We agree, however, with the learned General Term in holding that this provision has reference to contracts that are complete, and that it does not extend to the reformation of an imperfect instrument, even if it is a lien upon land and in that sense related to real property.

The judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.