THE ONEIDA COUNTY SAVINGS BANK OF ROME, N. Y.,
Respondent, *v.* ROBERT T. SAUNDERS and Others, Respond-
ents, Impleaded with ALICE ARRELLA BUTLER, an Infant,
by MARY BUTLER, Her Guardian ad Litem, Appellant.

Fourth Department, July 3, 1917.

Mortgage — foreclosure — disaffirmance by infant defendant of
prior conveyance to mortgagor — disaffirmance relates back to
time of conveyance — court — County Court cannot pass upon
right of infant to annulment of conveyance — powers of court of
general jurisdiction.

Where in a suit of foreclosure it appears that the mortgagor when he
originally purchased the premises had the title conveyed to an infant
and that he subsequently induced her during her infancy to convey to
him, whereupon he mortgaged the premises in order to obtain money to
erect improvements thereon, but the infant through her guardian *ad
litem* elected to disaffirm her conveyance, the disaffirmance related back
to the execution of the deed, and hence was antecedent to the execution
and delivery of the mortgage.

Where the suit of foreclosure was brought in a County Court and the
infant, made a party defendant, alleges her disaffirmance and asks that
the complaint be dismissed and her deed and the mortgage be annulled
and canceled, the County Court being of limited statutory jurisdiction
has no power to adjudicate upon the infant's rights, for a determination
thereof would involve an action to remove a cloud on title, or, if there
had been no mortgage, an action of ejectment, and of these actions the
County Court has no jurisdiction.

*It seems,* that if the suit had been brought in a court of general jurisdiction,
an adjudication might have been made on the relief demanded by the
infant, notwithstanding her infancy.

Under the circumstances, the County Court should have held that it had
no jurisdiction and have permitted the plaintiff to take the usual judgment
of foreclosure and sale, limiting the same, however, to whatever interest
the mortgagor had in the property at the time of the execution of the
mortgage, with leave to the plaintiff to discontinue the action without
prejudice to a like action in the court of general jurisdiction.

APPEAL by the defendant, Alice Arrella Butler, an infant,
by Mary Butler, her guardian *ad litem,* from a judgment of
the County Court of Oneida county, entered in the office of
the clerk of said county on the 13th day of December, 1916,
upon the decision of the court decreeing foreclosure of a
mortgage and directing the sale of the mortgaged property.

*D. Francis Searle,* for the appellant.

*G. Linnemann Prescott,* for the plaintiff, respondent.

PER CURIAM:

The action was the ordinary action for the foreclosure of a mortgage upon real estate. The appellant, Alice Arrella Butler, was a defendant and the only allegation of the complaint affecting her was to the effect that she had or claimed to have some interest in or lien upon the mortgaged premises or some part thereof which interest or lien, if any, had accrued *subsequently* to the lien of the mortgage. Through her guardian *ad litem* she interposed an answer alleging her infancy; that she was the owner of the premises covered by the mortgage; that the defendant Robert T. Saunders, the mortgagor, had by deceit obtained from her a deed of conveyance of the property covered by the mortgage which conveyance was recorded just prior to the giving of the mortgage; that she elected to disaffirm the deed upon the ground of her infancy; and asked that the complaint be dismissed and that such deed and mortgage be annulled and the record thereof canceled. The defendant Robert T. Saunders also interposed an answer in substance setting forth that he purchased the land covered by the mortgage and paid therefor $375; that thereafter and on the 27th day of January, 1914, he took a deed of said premises in the name of the defendant Alice Arrella Butler, whom he then understood and believed to be more than twenty-one years of age and who then and there promised and agreed to reconvey the same to him on request; that thereafter and on or about February 24, 1914, at his request she did reconvey such premises to him by deed dated that day and recorded on the 25th day of February, 1914; that such deed was given to carry out her promise and there was no fraud or deceit practiced upon her in connection therewith; that relying upon her promise he erected a house on such premises at a cost and expense to him of $2,700, no part of which was ever paid by her; that in order to enable him to erect the house he borrowed of plaintiff the sum of $1,600, and gave the mortgage sought to be foreclosed herein; that she has never offered to pay to him any part of the purchase money or any part of the moneys expended by him in the erection of such house; that she has not offered to

pay to the plaintiff any part of the money secured by the mortgage; and that such defendant demands judgment declaring the validity of the mortgage and the validity of the deed from her to him.   It appears that the answer of each of these defendants was served upon the other as well as upon the plaintiff.

The County Court upheld the validity of the mortgage and directed the usual decree of foreclosure and sale.

The county judge found that the defendant Robert T. Saunders furnished the money to pay for the lot covered by the mortgage and to construct the building thereon and gave the property to the appellant; found that the appellant is an infant and that Saunders knew it; found that the appellant owned the property from January 27, 1914, the date of the deed to her of the property, to February 24, 1914, the date of the deed from appellant to Saunders; found that appellant received nothing from Saunders at the time she signed the deed to him; found that she executed the deed to Saunders without knowing that it was a deed or what it was, but that she did understand that she was executing a paper by which he could obtain from the bank $1,600 to pay for the completion of the building and to furnish a store therein which was to be conducted by the appellant's mother; found that Saunders promised the appellant that he would pay the $1,600, which he was to obtain by the use of the paper she had signed, and found that the evidence does not disclose how much, if any, of the money borrowed from the plaintiff upon the mortgage was expended for labor or materials in the construction of the building.   The evidence is uncontradicted and clearly establishes that Saunders knew from September, 1913, that the appellant was an infant and her age.   The county judge refused to find that Saunders perpetrated any fraud in the premises upon the appellant.

It appears that while the mortgage in question was dated February 27, 1914, the defendant Saunders received the moneys from the bank represented by the mortgage as follows: April 8, 1914, $600; July 3, 1914, $400; November 27, 1914, $600.

The county judge held that as the deed of an infant is not void, but voidable, the deed given by the appellant to the defendant Robert T. Saunders conveyed title to him and as both the appellant and the plaintiff were innocent parties,

equity required that the appellant who had made the loss possible by executing the deed should suffer the loss rather than the plaintiff. The county judge determined that the appellant's interest in the property accrued subsequent to the mortgage to the plaintiff and said on this subject: "It seems to me that for the purposes of this action and for the authorizing of the trying out of the title and the question of the plaintiff's rights; that her interests may be considered to have accrued subsequent to the mortgage to the plaintiff. In other words, having deeded away her title, she had no more interest in the property unless or until she rescinded or revoked her action, and this did not occur until after the giving of the plaintiff's mortgage, so that, I think, the infant's rights may be regarded as subsequent to the mortgage, and hence they may be triable in this action."

The county judge held that unless the rights of the appellant, the infant, could be held to be subsequent to the mortgage, the County Court had no jurisdiction to adjudicate upon the defense interposed by the appellant.

We think the county judge erred in holding that the interest of the appellant in the property covered by the mortgage accrued subsequently to the execution and delivery of the mortgage sought to be foreclosed. The infirmity in the title existed the moment the defendant Saunders took the deed from the appellant and when she through her guardian *ad litem* elected to disaffirm that act, the disaffirmance related back to the execution of the deed and hence to a time antecedent to the execution and delivery of the mortgage. Otherwise it would need little to take from an infant her property and rob infancy of the protection so long afforded to it. If such can be the law one need only obtain from an infant a deed of his property, however young and immature he may be, and then borrow money upon the same, execute a mortgage covering the property to secure the loan to a *bona fide* mortgagee and the scheme to take the infant's property will be complete. We are inclined to the view that the county judge was right in holding that, if such interest of the infant was antecedent to that of the mortgagee, the County Court was without jurisdiction to adjudicate upon the rights of the infant. The test of this view is made by determining the nature of the action which the infant would be required to

maintain to get the relief which she seeks by her affirmative answer here. Such an action would be to remove a cloud from the title to her property. It is entirely clear that such an action could not be maintained in the County Court. If there had been no mortgage and the defendant Saunders had gotten into possession of the property, ejectment would probably lie in favor of the infant against him. Such an action could not be maintained in the County Court. It is still a court of limited jurisdiction and such fact has not been the result of accident but rather of design. A careful discussion of the limitations upon the jurisdiction of the County Court is found in *Thomas* v. *Harmon* (122 N. Y. 84) which supports the position we take. The provisions of the Code of Civil Procedure (§ 340, subd. 1, and § 348), so far as they affect the case under consideration, are precisely the same as they were when the *Thomas* case was decided. This brings us to a consideration of what should have been the disposition of the case in the court below. If the action were in a court of general jurisdiction it is probable that the relief asked for by the appellant might be given and an adjudication made in such action, notwithstanding the fact that the appellant is an infant. (*Cromwell* v. *MacLean*, 123 N. Y. 474.)

In view of the situation as thus disclosed the judgment appealed from must be reversed. The court below should have held that it had no power to pass upon the affirmative defense set up by the appellant and should have permitted the plaintiff to take the usual judgment of foreclosure and sale limiting the property to be sold and disposed of to whatever interest the defendants Saunders had in the property at the time of the execution and delivery of the mortgage, with leave to the plaintiff to discontinue the action without prejudice to bringing a like action in a court of general jurisdiction.

It follows that the judgment appealed from should be reversed, with costs to the appellant, and the cause remitted to the court below to be disposed of as indicated in this opinion.

All concurred.

Judgment reversed, with costs of this appeal to the appellant, and case remitted to the County Court to be proceeded upon in accordance with the opinion.