FREDERICK E. WYATT, Respondent, *v.* CHARLES W. LORTSCHER and Others, Appellants.

Fourth Department, June 29, 1926.

Infants — action to foreclose mortgage given by infant and to foreclose mechanic's lien — plaintiff agreed to advance money on second mortgage — defendant gave money to plaintiff to pay purchase-money mortgage — said money was returned and plaintiff took assignment of purchase-money mortgage and of mechanic's lien on discovery of infancy of defendant — answer interposed by guardian ad litem is disaffirmance of contract — defendant must return consideration — defendant may relieve himself of obligation of mortgage though title to land is in him — mortgage cannot be canceled in this action — in absence of vendors as parties to action rights of defendant cannot be adjusted — plea of infancy bars foreclosure of mechanics' liens — concealment of infancy is not material — equities may exist in favor of lienors — judgment directing sale to pay purchase-money mortgage and mechanics' liens was improper.

This is an action to foreclose a purchase-money mortgage given by the defendant who is an infant and to foreclose certain mechanics' liens. The plaintiff prior to discovering the infancy of defendant agreed to advance money on security of a second mortgage. After that mortgage was executed the defendant left with the plaintiff enough money to pay the purchase-money mortgage but it was not paid and discharged. The evidence shows that the plaintiff returned to the defendant the amount left with the plaintiff to pay the purchase-money mortgage and on discovering that defendant was an infant purchased the purchase-money mortgage and had it assigned to him and also received assignments of four mechanics' liens. The answer interposed by the defendant through his guardian *ad litem* which sets forth defendant's infancy and submits his rights to the protection of the court, amounts to a disaffirmance of all his contract obligations involved in the transaction, including his responsibility upon the bond given with the mortgage and his obligations on contracts for the purchase of materials.

Disaffirmance by the infant, however, carries with it a reciprocal obligation to return the consideration received in so far as it is within his power to do so.

The defendant can relieve himself by disaffirmance from the obligation of the mortgage attached to the land, notwithstanding the title to the land is still in him.

In view of the fact that the land is not in the same condition as it was when deeded to the defendant, since the defendant has commenced the erection of a building thereon, and in view of the fact that the vendors of the land are not parties to this action, all of the rights of the defendant cannot be adjusted herein and

the purchase-money mortgage cannot be canceled in this action. However, if all of the parties were before the court an equitable adjustment might be reached by allowing the plaintiff and the vendors a lien upon the property for the value of the land at the time of the conveyance upon the purchase price being returned to the defendant and the purchase-money mortgage canceled and by confirming the title of the infant subject to such lien.

The defendant's plea of infancy bars the foreclosure of mechanics' liens whether or not the materials were furnished at the request of the defendant or simply with his consent.

The fact that the defendant concealed his infancy does not deprive him of the right to plead infancy in this action.

Equities may exist in favor of those who furnished materials and their assigns in case the defendant has been enriched thereby, but the evidence to determine the character and amount of such equities does not appear in the present record.

APPEAL by the defendants, Charles W. Lortscher and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 14th day of April, 1926, in an action to foreclose a mortgage and certain mechanics' liens.

*Edward L. Cleary,* guardian *ad litem,* for the appellants.

*Cornelius R. Wright,* for the respondent.

SEARS, J. The defendant Lortscher was born on the 22d day of August, 1906. When he was nineteen years of age he bought a lot in the city of Rochester and began the erection of a house on it. It was on the 5th day of February, 1925, that he obtained the conveyance. The grantors were William F. Wamser and Wilhelmina Wamser, his wife. He did not pay the entire purchase price in cash, but secured the payment of $600 of the purchase price by his bond secured by a mortgage on the lot.

Shortly after this time he undertook negotiations with the officers of the Rochester Lumber Company for the purchase of building materials. The plaintiff was the president of that company, and Alvah F. Stahl was its treasurer. In the course of this negotiation it was arranged that Stahl should lend Lortscher $600 upon Lortscher's bond secured by a mortgage on the lot so as to place Lortscher in funds to carry on the construction of the building. No building loan contract was entered into, but on the seventh of April Lortscher executed a mortgage on the lot to Stahl to secure the payment of $6,000 to be represented by promissory notes, and this mortgage was recorded in the Monroe county clerk's office on the 7th of April, 1925, and promissory notes aggregating $6,000 were signed by Lortscher and delivered to Stahl. On April sixth Lortscher left $600 at the office of the Rochester Lumber Company for the plaintiff to enable him to pay the Wamser mortgage. There was

delay, however, about getting a discharge, and as a matter of fact one was never obtained. On April seventeenth Lortscher, needing money for his payroll, requested and obtained at the Rochester Lumber Company office $300, which was paid to him by a check drawn by Alvah F. Stahl. On April twenty-fifth Lortscher requested and obtained in the same way $300 more. Meanwhile Lortscher was proceeding with his building, and obtained material from the Rochester Lumber Company and from other dealers to go into the construction of the house. About the first of May the plaintiff learned for the first time that Lortscher was under age. On May first he paid the Wamsers $600 and took an assignment to himself of the mortgage which Lortscher had given to the Wamsers to secure a part of the purchase price. He also obtained assignments of four mechanics' liens which had been filed against the defendant Lortscher's lot by materialmen.

This action was brought for a foreclosure and sale of the property under the mortgage and mechanics' liens. The defendant Lortscher interposed the usual infant's answer.

The defendant Lortscher contends that the Wamser mortgage has been paid by the $600 which he deposited with the Rochester Lumber Company for the plaintiff, and that the two checks for $300 each signed by Stahl were advances upon the $6,000 mortgage given to Stahl. The referee, however, has found that the two $300 payments constituted a return to the defendant Lortscher of the $600 previously deposited by him, and there is sufficient evidence to sustain this finding.

The judgment in this action sustains the claim of the plaintiff and directs a sale of the premises in order that from the proceeds of the sale the purchase-money mortgage and the four liens may be satisfied, but does not award a deficiency judgment. The principal questions upon this appeal relate to the rights of the plaintiff toward the property in question by virtue of the mortgage and the liens.

Contracts of infants, except for necessaries, although not void, are voidable at the will of the infant. (*Casey* v. *Kastel*, 237 N. Y. 305; *International Text Book Co.* v. *Connelly*, 206 id. 188.) The infant himself may elect to disaffirm a contract within a reasonable time after becoming of age even though the contract has been fully executed. (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Parsons* v. *Teller*, 188 id. 318; *Clapp* v. *Byrnes*, 155 id. 535.) Even during the continuance of the infancy certain acts may amount to a disaffirmance. The filing of an answer pleading infancy in an action brought to enforce or to recover damages for the breach of an infant's contract, or the beginning of an action on the infant's behalf

before he reaches his majority inconsistent with his contract is treated likewise as a disaffirmance of the contract. (*Oneida County Sav. Bank* v. *Saunders,* 179 App. Div. 282; *Pakas* v. *Racy,* 13 Daly, 227; *Tucker* v. *Moreland,* 10 Pet. 58; *Freeman* v. *Nichols,* 138 Mass. 313; *Casey* v. *Kastel. supra;* 31 C. J. 1068; note to *Craig* v. *Van Bebber,* 18 Am. St. Rep. 671.) A person on becoming of age may, of course, ratify his contract made during his infancy, and it will then cease to be voidable. (*Merchants' Fire Ins. Co.* v. *Grant,* 2 Edw. Ch. 544; *International Text Book Co.* v. *Connelly, supra; Henry* v. *Root,* 33 N. Y. 526, 528; *Lynde* v. *Budd,* 2 Paige, 191; *Palmer* v. *Miller,* 25 Barb. 399.)

The defendant in this action having interposed an answer by his guardian *ad litem* setting forth his infancy and submitting his rights to the protection of the court, must be treated as having disaffirmed all his contract obligations involved. He is not to be held responsible upon his bond or on his contracts for the purchase of material. Disaffirmance, however, carries with it a reciprocal obligation of returning considerations received for the obligation disaffirmed. It would be inequitable to allow an infant to avoid obligations on his own part and at the same time retain the benefits which continue to enrich him. (*Lynde* v. *Budd, supra; Stephenson* v. *Naumann,* 195 N. Y. Supp. 768; *Rice* v. *Butler,* 160 N. Y. 578.) He is not required at all hazards, however, to restore the other party to the contract to the position he was in when the contract was made. If, for example, the infant has squandered some part of the property he has received, or even all of it, he may, nevertheless, disaffirm the contract and get back what he himself gave, giving back only what he continues to hold. (*Green* v. *Green,* 69 N. Y. 553; *Kane* v. *Kane,* 13 App. Div. 544.) Were this not so, in many cases the result would be to hold the infant to his contract, which would be contrary to the considerate policy of the law toward those not yet of age.

In the instant case it is the claim of the plaintiff that the defendant Lortscher cannot rid himself of the obligation of the mortgage attaching to the land because the title to the land is still in him. This does not necessarily follow. The defendant being still an infant cannot be deemed to have ratified the transaction. (*Yates* v. *Lyon,* 61 N. Y. 344; *Walsh* v. *Powers,* 43 id. 23.) It is clearly open to him, therefore, to disaffirm. Upon disaffirmance, as just stated, the reciprocal duty arises to give back the consideration still in the infant's hands. In this case that is the real estate which he received. In consequence of his building operations, the lot is not in the same condition as when he received it, but assuming that he is able to reconvey the lot, he is only obligated to do so

upon himself receiving the full amount of the consideration which he paid. The cancellation of the mortgage would not accomplish this. That would but relieve him from his obligation to pay the part of the purchase price not yet paid to William F. Wamser and Wilhelmina Wamser, the grantors. They are not parties to this action. They cannot be required upon such reconveyance to return the portion of the consideration they received. In their absence the rights of the defendant cannot be fully adjusted. The conveyance of the land, the payment of the consideration and the giving of the mortgage constituted a single transaction, and the disaffirmance by the infant affects the transaction in all its parts. (*Walsh* v. *Powers, supra; Stephenson* v. *Naumann, supra.*) Were all parties before the court, it may be that an equitable adjustment might be reached by allowing the plaintiff and William F. and Wilhelmina Wamser a lien upon the property for the value of the lot at the time of the conveyance to the infant upon the purchase price being returned to the infant and the purchase-money mortgage canceled, and by confirming the title of the infant subject to such lien.

The defendant's plea of infancy is also effective against the plaintiff's claim based upon mechanics' liens. The statute provides for a lien in favor of " a contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or sub-contractor." (Lien Law, § 3.) The complaint alleges that the lienors, of whose liens the plaintiff is the assignee, furnished materials for the improvement of the property both at the request and with the consent of the infant defendant, the owner. The plaintiff seems to concede that in so far as the materials were furnished at the request of the owner, the liens would rest on contracts, and that the contracts being voidable would upon disaffirmance fall and that the liens would fall with them. (*McCarty* v. *Carter,* 49 Ill. 53; *Alvey* v. *Reed,* 115 Ind. 148; *Bloomer* v. *Nolan,* 36 Neb. 51; *Denniston* v. *Brown,* 183 Iowa, 396; *Richardson* v. *Little,* 209 Ala. 351; *Logan Planing Mill Co.* v. *Aldredge,* 63 W. Va. 660; 15 L. R. A. [N. S.] 1159, note.) The plaintiff seeks to sustain the liens on the theory that this reasoning does not apply when the lien is predicated on the infant's consent, as distinguished from his request. In our opinion the distinction is unsubstantial. For action or conduct to amount to " consent," as that word is used in the Lien Law, " the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he will reap the benefit of it." (*Rice* v. *Culver,* 172 N. Y. 60; *Beck* v. *Catholic*

*University,* Id. 387; *Steeves* v. *Sinclair,* 56 App. Div. 448; affd., 171 N. Y. 676; *Sager* v. *Renwick Park & Traffic Assn.,* 172 App. Div. 359.) While, therefore, consent does not import a contract, it does import a voluntary act, and no reason appears why, under the policy of the law, the infant may not disaffirm his consent in the same way that he may disaffirm his more formal action amounting to contract. To hold otherwise would prevent an infant from disaffirming an indirect act, while permitting him to disaffirm the direct act to the same end.

The fact that he concealed his infancy has no bearing. An infant is responsible for his torts, and a misrepresentation of age may give rise to a liability for deceit, but even misrepresentation does not affect the right to disaffirm obligations not based on tort. (*Studwell* v. *Shapter,* 54 N. Y. 249; *International Text Book Co.* v. *Connelly, supra; N. Y. Building Loan Co.* v. *Fisher,* 23 App. Div. 363.)

Equities may exist in favor of those who furnished materials and their assigns in case they are able to show that the infant has been enriched thereby. (*Rice* v. *Butler, supra.*) The evidence to determine the character and amount of such equities does not appear in the present record. (*N. Y. Building Loan Co.* v. *Fisher, supra; Allen* v. *Lardner,* 78 Hun, 603.)

The judgment should be reversed and a new trial granted, with costs to the defendant Lortscher to abide the event.

HUBBS, P. J., CLARK, DAVIS and TAYLOR, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the defendant Lortscher to abide the event.