9302 BOARDWALK CORPORATION, Landlord, *v.* HENRY LITTMAN and Another, Tenants, and GERSON FINKELSTEIN and Others, Undertenants.

Municipal Court of New York, Borough of Queens, Fifth District, August 27, 1937.

*Kohn & Granirer*, for the landlord.

*Irving Pinsky*, for the tenants.

Morris, J.  On or about May 1, 1937, the landlord entered into a written lease with the tenants of a store located on the boardwalk, Rockaway Beach, for a term of five months as a billiard parlor and general amusement center.  At the time the tenants represented to the landlord that they were over the age of twenty-one years. Under the provisions of the lease the tenants were given the privilege of paying $550 before July 1, 1937, or in the event that this payment was not made in full by the aforesaid date the tenants were to pay $650 by turning over all " Incomes and receipts from said billiard parlor and amusements in the store."  Certain expenses, such as gas, electric light, etc., the tenants were permitted to deduct, but were not to incur any other expense except " By obtaining the landlord's consent before incurring or paying any bills."  The tenants failed to comply with the provisions of the aforesaid lease and summary proceedings were instituted by the landlord on or about July 14, 1937.  After the commencement of the summary proceedings the tenants asserted that they were under the age of twenty-one years and guardians *ad litem* were appointed for each of the tenants upon the tenants' application by an order of the court on July 30, 1937.  The trial of the issues was had on August 4, 1937, and upon said trial the jurisdiction of the court in view of the appointment of the guardians *ad litem* was conceded by the attorney for the tenants and upon said trial the tenants, through counsel, interposed and relied on the two following defenses: (a) Infancy; (b) payment.

The tenants failed to substantiate the defense of payment and the landlord, because of the tenants' failure to comply with the provisions of the lease as to payment of rent, is entitled to immediate possession of the property.  The testimony on the trial showed that the tenants had a cash register, but turned the record, showing the business done, back to zero several times a week, and kept records in a note book which was not complete and which book had many missing pages.

The question in dispute in this proceeding is whether in view of the plea of infancy the landlord is entitled to receive rent for the premises while the tenants retained possession and, if the landlord is entitled to rent, whether the same shall be determined on the basis of what constitutes the fair and reasonable rental value of the

premises or the amount of rent reserved in the lease. There are no decisions in this State which appear to settle the question now presented.

An infant may avoid his contracts either before or after majority, but can affirm only after he arrives at majority. When an infant in an action seeks to recover from the vendor the amount paid on the contract he must, when there is no fraud, account for the reasonable value of the use of the article, the subject of the contract, or its depreciation in value. The infant coming into a court of equity to cancel his obligations, seeking equity must do equity. (*Rice* v. *Butler*, 160 N. Y. 578.)

"After disaffirmance, the infant is not entitled to be put in a position superior to such a one as he would have occupied if he had never entered into his voidable agreement." (*Joseph* v. *Schatzkin*, 259 N. Y. 241, 244.)

" It has become the settled law in this State that the privilege of infancy may be used as a shield to protect the infant but not as a sword to inflict injury upon another. If an infant has had the benefits of a contract sought to be rescinded by him he must account for the benefit." (*Lown* v. *Spoon*, 158 App. Div. 900.)

In the cases just cited (*Rice* v. *Butler*, *supra*) the infant was seeking to rescind a contract for the purchase of a bicycle; (*Joseph* v. *Schatzkin*, *supra*) the infant opened a speculative account with a firm of brokers and later transferred that account to defendants and while in his minority rescinded his agreement; (*Lown* v. *Spoon*) the defendant was an infant at the time of making the contract and, therefore, claimed he should receive back the amount he paid for the stock.

Is there a difference in the rights of the parties between an infant asking relief such as rescission of the contract and an infant resisting relief by interposing a defense of infancy?

In *Sternlieb* v. *Normandie National Securities Corp.* (263 N. Y. 245), where an infant repudiated his contract of purchase of five shares of stock, Judge CRANE, writing the opinion of the court, at page 249 states: " The fundamental principle is the same, whether the infant be plaintiff or defendant. He may repudiate and rescind his contract upon becoming of age, whether he has made false representations regarding his years or not, and in any instance, the party with whom he had his dealings is entitled to recoup under certain circumstances."

Presumptively the tenants received some advantage or benefit or opportunity derived from the use and occupation of the landlord's property. The property concededly was used by the tenants from May 1, 1937, to the day of trial and the tenants paid some

rent which was obtained from the use and occupation of the property for the purposes stated in the lease. The infants testified on the trial that when they took possession they had no assets and rent was paid from income derived from their occupation of the property. They had the opportunity and advantage of deriving a profit. A rule, therefore, should be adapted which will promote justice. In *Blake* v. *Concannon* (4 Ir. [C. L.] 323) an infant lessee entered into possession and enjoyment of the land. The court held: " His liability arises from his occupation and enjoyment of the land under the tenancy so created." And again: " But the infant, though he can repudiate the contract of demise and the tenancy under it and can so revest the land in the landlord, cannot repudiate an occupation and enjoyment which are past."

The case last cited is authority for the principle that an estate vests in the infant on his entry into possession and renders him liable to pay rent until he repudiates the lease and delivers possession. An estate vested in the infants by their entry under the lease. This estate and lease continued until avoided by them. They may repudiate the contract but cannot repudiate the obligation to pay rent while holding the estate.

" In all of the English cases in which the right of an infant to recover rent which had already been paid, has been recognized, or in which he was required to pay rent, the courts proceeded upon the theory that the infant had, from the *use and occupancy* of the property, received a substantial benefit, and that, being unable to place the landlord in *statu quo*, he should, *ex æquo et bono,* be required to pay for the use of that from which he had received a substantial benefit. And all the courts in England and America, in dealing with the subject, have in all well-considered cases applied the same legal principles *in actions at law,* and whether the suit was by the landlord against his tenant for rent past due, or whether it was a suit by the infant for money already paid." (*Ex Parte McFerren,* 184 Ala. 223; 63 S. 159.)

The rule has been enunciated in 1 McAdam in Landlord and Tenant ([5th ed.] p. 307). " The same general rules apply to a lease made to an infant, with this exception, that if he desires to avoid the lease, he must waive the term, and by not entering avoid liability, and if he has entered he must surrender possession of the premises, or else pay the rent therefor while he retains possession." (Citing Bingham on Infancy, 109; 2 Bulstr. 69; *Blake* v. *Concannon,* 4 Ir. [C. L.] 323; Williston on Contracts, § 237.)

The Court of Appeals in this State in *Sternlieb* v. *Normandie National Securities Corp.* (*supra*), at pages 248 and 249, approved the principle stated in *Rice* v. *Butler* (*supra*) and followed in *Myers* v. *Hurley Motor Co.* (273 U. S. 18), that although the infant was entitled

to disaffirm the contract and demand the return of the money paid, the defendant was also entitled to recoup out of the infant's money damages for deterioration of the bicycle or car or the value of its use.

Following this principle as to the measure of damages in the instant case, the landlord is entitled to recover the fair and reasonable value of the use and occupation of the premises and not the rent reserved in the lease. There was no testimony offered on the trial as to what was the fair and reasonable value of the use and occupation of the said leased premises.

It follows, therefore, that the landlord is entitled to a final order awarding it the delivery of the possession of the premises described in the petition, but because of the failure to prove the fair and reasonable value of the use and occupation the amount of rent in arrears is undetermined.