J. G. Pieri, Respondent, *v.* Jeanette Nebbia and Vincent Nebbia, Appellants.

County Court, Monroe County. April 16, 1942.

*John J. McInerney*, for the appellants.

*Joseph C. Attardo*, for the respondent.

KOHLMETZ, J.   On the trial of this action the defendants, Jeanette Nebbia and Vincent Nebbia, admitted that they purchased the goods involved in the action from the plaintiff; that the agreed price and reasonable value of said goods was $345.79, and that they were delivered to the defendants at 348 Jay street, Rochester, N. Y., where they conducted a grocery store and meat market.   The record also shows that a payment of $80 was made on this account by Jeanette Nebbia, one of the defendants, leaving a balance due of $265.79, for which amount, plus costs, judgment was rendered against the defendants in the City Court.   They seek to avoid liability on the sole ground of infancy.   They claim that when they made the contract to purchase the goods they were under the age of twenty-one years and that having disaffirmed the contract, an action against them to recover on the account cannot lie.

Counsel for the appellants relies on the case of *International Textbook Co.* v. *Connelly* (206 N. Y. 188) as authority for the claim that no recovery can be had against the defendants in this action.   In my opinion, that case is not decisive of the one at bar.   In that case, the defendant, while he was an infant, subscribed for a correspondence course in engineering agreeing to pay for the same in monthly installments of five dollars each.   He defaulted on his contract after he had made the third payment and the plaintiff sued to recover the balance due on the contract pursuant to a provision therein, giving the plaintiff the right to declare the whole amount due in case of a default.   The action was brought to recover the amount due on the *unexecuted* part of the contract.   The opinion in that case states that all unexecuted contracts made by a minor except for necessaries, while not absolutely void, are voidable at his election.   It also states that " the contract in question was executory in form and unexecuted in fact, and as the defendant was under age when it was made, his infancy is an absolute defense unless an answer is found in some of the questions raised by counsel for plaintiff."   The questions referred to were four claims made by the plaintiff on the trial. It claimed that the contract was for necessaries, that the defendant ratified the contract after becoming of age, that the defendant was estopped from pleading infancy because he misrepresented his age, and that the contract was governed by the laws of Pennsylvania, instead of New York.   In view of the fact that the plaintiff failed

to establish these claims, the court held that the defendant had an absolute defense of infancy.

An entirely different situation is presented in the case at bar. The contract between the parties is not " executory in form and unexecuted in fact " but is one which has been fully executed and performed. The transaction was complete in every detail except failure on the part of the defendants to pay for the goods. The contract was executed, not executory, and the principles that decided the case of *International Textbook Co.* v. *Connelly (supra)* do not apply to the case at bar. In the instant case the defendants had the right to disaffirm the contract but it does not follow that because of the disaffirmance they are relieved from liability. It was necessary for them to return the goods which they purchased, or their equivalent or offer to do so before it can be said that they were not obligated to pay for them. It must be assumed that the defendants purchased the goods for the purpose of reselling them at a profit and, therefore, that they derived a benefit from the contract. Having reaped a benefit from a contract which they seek to rescind they must account for the benefit or return its equivalent. No rule of law has ever permitted a minor to avoid a contract of which he has enjoyed the benefits. These defendants should not be entitled to retain an advantage from a transaction which they have repudiated. It is the policy of the law that infants should be protected from their own folly and improvidence and that adults should be prevented from taking advantage of them. In other words, when adults deal with infants, they must do equity. On the other hand, when an infant seeks to avoid a contract that has been fully executed and performed, he also must do equity. The privilege of the defense of infancy should be used as a shield, not as a sword. It would be inequitable to allow an infant to avoid an obligation on his part and at the same time retain benefits derived from the contract which created the obligation. Equitable relief should not be given to an infant unless he himself does equity by restoring what he has received. (*Hillyer* v. *Bennett*, 3 Edw. Ch. 322; 2 Kent's Commentaries [14th ed.], p. 240; *Rice* v. *Butler*, 160 N. Y. 578; *Myers* v. *Hurley Motor Co.*, 273 U. S. 18; *Joseph* v. *Schatzkin*, 259 N. Y. 241; *Sternlieb* v. *Normandie Nat. Sec. Corp.*, 263 id. 245; *Mutual Milk & Cream Co.* v. *Prigge*, 112 App. Div. 652; *Lown* v. *Spoon*, 158 id. 900; *Sparandera* v. *Staten Island Garage, Inc.*, 117 Misc. 780; *Wyatt* v. *Lortscher*, 217 App. Div. 224; *Washington Street Garage, Inc.*, v. *Maloy*, 230 id. 266; *9302 Boardwalk Corp.* v. *Littman*, 164 Misc. 124.)

There is a striking analogy between the instant case and the case of *9302 Boardwalk Corp.* v. *Littman*, cited above. In that case

the landlord entered into a written lease with the tenants of certain premises on which the tenants were to conduct a business. At the time of the making of the lease the tenants were infants. The terms of the lease not having been complied with by the tenants, the landlord instituted summary proceedings for the possession of the premises. The defendants pleaded infancy. The court held that the defendants had the right to disaffirm the lease and escape liability for the rent of the premises from the date of the disaffirmance but held that the defendants were liable for the reasonable value of the rental during the time that they occupied the premises. In other words, the disaffirmance of the lease on the ground of infancy did not relieve them of liability for that part of the contract which had been executed.

It would be a miscarriage of justice to deny relief to the plaintiff in this action. To allow the defendants to escape liability would be using the defense of infancy as a sword instead of a shield. In all fairness, justice and equity, the judgment against the defendants should be affirmed.

An order may be entered affirming the judgment of the City Court of Rochester, Civil Branch, with twenty-five dollars costs.