Per Curiam.

Plaintiffs sued for damages for breach of a contract of insurance as written. In the course of plaintiffs’ testimony on the trial it was conceded that the claimed loss was clearly excluded from the coverage of the policy as written. Thereupon, the trial court of its own motion undertook informally, without specification, to conform plaintiffs ’ formal pleadings to the vague and sketchy proof of plaintiffs ’ understanding of the coverage of the policy from prior dealings, on unrelated insurance matters, with the person who later was defendant’s subagent at the time the policy in suit was written. The actual, unwitting effect, however, was that the trial court informally deemed plaintiffs ’ complaint amended so as to plead a new, different, inconsistent, equitable cause of action for reformation of the written contract, extending coverage (in accordance with plaintiffs’ understanding) to embrace the claimed loss and for damages for breach of the contract as reformed. The effect of the judgment in plaintiffs’ favor, then, was to decree reformation of the contract of insurance and allow recovery under the contract as reformed. This was error. Not only because it was based on a theory of estoppel untenable under the 1 ‘ settled law that waiver or estoppel may not be invoked to create insurance coverage where none exists under the policy as written ” (Simpson v. Phoenix Mut. Ins. Co., 30 A D 2d 265, 268, and authorities there cited, affd. 24 N Y 2d 262); but because resort to the remedy of reformation of the contract of insurance was an attempt, impermissibly, to exercise equitable powers beyond the limited, statutory jurisdiction of the Civil Court. (CCA, §§ 201-212; see Thomas v. Harmon, 122 N. Y. 84.) The question of the admissibility of the evidence on which reformation was attempted or the sufficiency of such proof is not reached.
The judgment should be reversed and complaint dismissed, with $30 costs to appellant.
Concur — Conn, J. P., Quinn and Lupiano, JJ.
Judgment reversed, etc.