Howard E. Bell, J.
The defendant issued to Walter Gingold, plaintiff’s husband, a family automobile policy (liability) providing coverage from January 31, 1963 to January 31, 1964. Thereafter, on March 30, 1963, for an additional premium, the defendant issued an indorsement to the policy which gave Walter Gingold coverage under the motorist’s insured income plan. Walter Gingold was the named insured on both the principal policy and the indorsement and each was renewed yearly there *589 after. The form of the principal policy has been changed, however, from that of a family automobile policy to a family combination automobile policy.
In 1968 Walter Gingold changed the registration of the automobile from his name to the name of his wife Sylvia Gingold, the -plaintiff herein. Thereafter the yearly certificate of insurance, renewing the principal policy, contained the name of Sylvia Gingold as the insured. No subsequent indorsement or policy was ever issued changing the named insured under the motorist’s insured income plan from that of Walter Gingold.
The motorist’s insured income plan provides, among other things, that if the insured shall become totally disabled from injuries received as a result of having been struck by an automobile, the company will pay to the insured the sum of $50 per week for a period not exceeding 104 weeks.
On January 25,1972, the plaintiff, then owner of the automobile and named insured in the family combination automobile policy, was struck by an automobile owned and operated by one Henry W. Smith. She sustained a comminuted fracture of the right femur, fracture-dislocation of the right knee and a basilar occipital skull fracture. At the time of the accident she was employed as a secretary and as a result thereof, she has been unable to return to her job.
The plaintiff seeks to recover, herein, the sum of $5,200, which represents the maximum amount payable to the insured under the motorist’s insured income plan, as provided by 1(b) section H of the “ Insuring Agreements ” portion of the indorsement. The defendant has refused to pay the benefits to the plaintiff on the ground that Walter Gingold, her husband, and not she, is the named insured on the indorsement.
Counsel have not cited, nor has the court found, a reported casé in this State deciding the issue presented herein. The issue has been decided, however, in another jurisdiction (see King v. Zurich Amer. Ins. Go., 203 A 2d 429 [D.C.]). In the King case, the District of Columbia Court of Appeals stated the following (supra, p. 430): “ we have not found, any ease construing a liability and collision policy with an endorsement for death and disability benefits. Combining these two dissimilar policies creates some confusion, but it appears to us that the endorsement, dealing as it does with a form of protection entirely different from that afforded by the principal policy, must be treated as a separate and distinct instrument. So treated, it is clear that the insurance afforded under the endorsement is specifically limited to the person or persons designated in the schedule as *590 insured. Only one person, John King, is so designated in the schedule; and it follows that the trial court was correct in holding that the wife was not an insured under the coverage of the endorsement.”
In the case at bar, the coverage provided in the indorsement is different from that contained in the principal policy in which the plaintiff is now named as the insured. In indicating the persons entitled to recover the benefits the plaintiff seeks herein, the indorsement states: ‘ ‘ The insurance afforded is * * * only ■with respect to the person or persons specifically designated herein as insured”. (Emphasis supplied.) The person so designated was Walter Gringold.
To render judgment in favor of the plaintiff in this action would be decreeing a reformation of the contract of insurance and allowing recovery under the contract as reformed. This court lacks such power (OCA, §§ 201 to 212; see Thomas v. Harmon, 122 N. Y. 84; Grossman v. Phoenix of Hartford Ins. Co., N. Y. L. J., July 6,1971, p. 12, col. 1).
Accordingly, the complaint is dismissed without prejudice however, to any proceeding the plaintiff may commence for' reformation of the indorsement.